## SUSAN J. SMITH v. HELEN M. PAYTON.

ORDER OF ATTACHMENT; *Return-day; Service and Return.* Where an order of attachment is issued at the commencement of an action, and the clerk fixes the return-day thereof at twenty days from its date, instead of within ten days, as prescribed by law, the order of attachment is not void for that reason, and that the sheriff may serve the same at any time within ten days from its date; and when so served it is error for the court to set aside and vacate such order merely because of such mistake of the clerk in fixing the return-day.

### *Error from Labette District Court.*

ACTION by *Smith* as plaintiff, against *Payton* as defendant. The only question here is one of practice, regarding orders or writs of attachment, and the facts upon which the question arises are fully stated in the opinion. The district court, at the July Term 1873, (H. G. W., judge *pro tem.*, presiding,) quashed the writ. The plaintiff appealed, and brings the case here on error.

*F. A. Bettis,* for plaintiff in error:

The court cannot presume that the order of attachment was applied for and obtained at the time of commencing suit. In truth, the affidavit for attachment recites that the suit had *already* been commenced. But if the order should have been made returnable in *ten,* instead of *twenty* days, it was a mere irregularity, and the court should have ordered its amendment in "furtherance of justice." Code, § 139; 6 Ohio St., 81; 13 How., 350; 4 Shep., 266.

But the direction to the officer to return the writ in twenty days, is mere surplusage. The officer must take notice of, and follow the law. The law fixes the time of the return, and the code nowhere requires the order of attachment to designate the return-day. "The court must in every stage of the cause disregard every error or defect in the pleadings or proceedings which does not affect the substantial rights of the adverse party." (Code, § 140.) The error in the order, if

any existed, was a mere mistake of the clerk, and in nowise affected any substantial right of the defendant in error.

*Ayres & Fox*, for defendant in error:

1. The judicial discretion as to amendments under § 139 is not reviewable except in case of gross abuse thereof. Of this there is no information upon the facts brought to this court.

2. The process was void and could not be amended, and the amendment would not have validated the order. The attachment was issued and served three days before the filing of the petition, and commencement of the suit. (Code, §§ 100, 57.) The affidavit was properly ruled insufficient, since it was entitled, in the action; whereas no action had been commenced, and it does not state that Smith ought to recover of Payton, nor that the latter was a non-resident, nor other ground for the attachment, save by referring to "said defendant," when there was no defendant. (3 Denio, 54; 7 How. R. R., 127.) The attachment was issued with the summons, and should have been returnable at the same time as the summons; (code, § 195;) but was ten days later.

The opinion of the court was delivered by

VALENTINE, J.: In this action an order of attachment was issued. The defendant moved the court to set aside and vacate said order, on the following grounds, to-wit: " 1st.–It was issued at the commencement of the action, and the return-day thereof is not the same as that of the summons. 2d.–The return-day of the order appears on its face to have been altered after the issuing thereof. 3d.–There is no proof of service or return of the order. 4th.–The affidavit on which the order is based is insufficient in not showing the specifications required by the statute for the issuing of the order. 5th.–There has been no publication, nor commencement of action. Said motion will be based upon the papers in the action." The motion came on to be heard upon the papers in the case. "And thereupon the plaintiff, by her attorney F. A. Bettis,

moved the court for leave to amend the order of attachment in the cause issued by making the return-day thereof ten days from the date of the issue thereof, which the court refused; to which the plaintiff then and there excepted. And the court having heard the argument of counsel upon the motion to discharge the order, doth find that said order of attachment is void, and not amendable, and doth order that the same be discharged; to which ruling the plaintiff by her attorney then and there excepted."

The action seems to have been commenced on the 25th of September, 1872. Both the summons and the order of attachment were issued on that day. The only irregularities appearing in the record of the proceedings are as follows: The petition is marked "Filed September 28th, 1872;" and the return-day of the order of attachment is October 15th, 1872, while that of the summons is October 5th, 1872. From the other evidence contained in the record we must consider the marking of the petition as filed "September 28th," a clerical mistake. It should have been marked filed September 25th. No action can be commenced except by filing a petition. And no summons or order of attachment can be issued except at the time of, or after the commencement of an action. Section 57 of the code provides that "A civil action may be commenced in a court of record, by filing in the office of the clerk of the proper court a petition, and causing a summons to be issued thereon." (Gen. Stat., 640, 641.) Section 190 of the code provides that "The plaintiff in a civil action for the recovery of money, may at or after the commencement thereof, have an attachment," etc. (Laws of 1870, page 171, § 4.) Now the presumptions of law are always in favor of the regularity of the proceedings of a public officer, and it is much less probable that the clerk of the district court in this case should have made a mistake in issuing a summons and order of attachment before any suit was commenced, than that he should have made a mistake in marking the time of filing the petition. It is scarcely possible that the clerk could have issued

through mistake a summons and an order of attachment three days before the petition was filed; but he might through mistake have marked the petition filed Sept. 28th, when it was in fact filed Sept. 25th. Besides, the affidavit for the order of attachment was sworn to and filed on the 25th of September, and the plaintiff in the affidavit then swears "That said plaintiff Susan J. Smith has commenced said suit against the above-named defendant Helen Payton," etc. An affidavit for service by publication was also filed in the case, and in this affidavit the affiant, W. P. Lamb, attorney for the plaintiff, says, that "said cause was commenced on the 25th day of September, 1872, *by the filing of a petition, the issuing of a summons* thereon, and the filing of an affidavit for attachment, and the issuing of an order of attachment thereon," etc. The defendant herself in her motion to set aside the order of attachment says that the order of attachment was issued at the commencement of the action, etc. And she does not at any time, as appears from the record, make any specific point that the order was issued before the petition was filed. This is a strong admission against the defendant. We are therefore led irresistibly to the conclusion that the petition was in fact filed September 25th. The only question then for us to consider is, whether the order of attachment was void because it was made returnable in twenty days instead of in ten days. Section 195 of the code provides that the return-day of the order of attachment, when issued at the commencement of the action, shall be the same as that of the summons; when issued afterward, it shall be twenty days after it is issued. (Gen. Stat., 666.) And § 61 of the code provides that "The summons shall be served and returned by the officer to whom it is delivered, except when issued to any other county than the one in which the action is commenced, *within ten days from its date.* (Gen. Stat., 641.) In the present case the order of attachment was issued on the day of the commencement of the suit, but whether at the time of the commencement of the suit or afterward is not shown, except possibly by the affidavit of the plaintiff made for the purpose

of obtaining the order of attachment filed September 25th, where she says "That said plaintiff Susan J. Smith *has commenced* said suit," etc. This would indicate that the order was issued after the commencement of the suit. But for the purposes of this case, suppose that the order was issued at the commencement of the suit: then was the order void? We think not. The *statute* fixes the return-day of the writ, and not the clerk. (Code, §§ 195, 61.) And even though the clerk should make a mistake in designating the true return-day, still his mistake would not invalidate the writ. It would still be the duty of the sheriff to serve the writ within the time prescribed by law, and then return the same to the court. The statute does not even require that the clerk should designate the return-day. In the present case the writ was not only served within ten days from its date, as prescribed by the statute, but it was completely served within two days. The writ in this case was returned twenty-one days after it was issued; but we suppose that it will not be claimed that a writ, or the service thereof, becomes void by reason of a failure of the sheriff to return the writ on the return-day. It is the general practice of sheriffs not to return writs until after the return-day. The order of attachment issued in this case should not have been set aside, and therefore the order of the court below setting it aside must be reversed, and the cause remanded for further proceedings.

All the Justices concurring.