## C. R. MILLER v. WILLIAM FORBES AND JAMES HAMMERS.

### No. 168.

SUMMONS—*returned after return-day neither void nor voidable.* Where a summons is made returnable in nine days from the day of its issuance, and is served one day before the day upon which it is made returnable and twenty-one days before the defendants are required to answer, the summons and the service thereof, and a judgment rendered thereon upon default by the defendants, are neither void nor voidable because of the failure of the sheriff to return such summons and file the same with the clerk of the district court until the day after the return-day.

Error from Harper District Court. Hon. G. W. McKay, Judge. Opinion filed July 21, 1897. *Reversed.*

*Geo. B. Crooker*, for plaintiff in error.

*W. S. Cade*, for defendants in error.

DENNISON, P. J. This proceeding in error was brought in this court to review the order of the District Court of Harper County, Kansas, setting aside the summons and the service thereof and the judgment rendered.

Miller brought suit upon a note made by Forbes, indorsed by Hammers, and delivered to said Miller. The petition and precipe for the summons were filed on the fifteenth day of November, 1887, the summons was made returnable on the twenty-fourth day of November, 1887, and the defendants were required to answer on or before the fourteenth day of December, 1887. The summons was served on the twenty-third day of November, and was returned and filed by the sheriff on the twenty-fifth day of November, 1887. Judgment by default was rendered on the fourth day of January, 1888.

On April 6, 1891, the defendants filed, in the office of the Clerk of the District Court of said county, their motion to set aside the summons and service thereof for the reason that the return of the sheriff was not made on or before the day stated in the summons as the return-day thereof; and on April 6, 1891, the defendants also filed a motion to set aside, vacate and hold for naught the judgment theretofore rendered in said cause, because the same was void for the same reasons, and for the further reason that said judgment was for $490, when the petition showed that the plaintiff was entitled to only $390, conceding all claimed therein.

On the twentieth day of April, 1891, the summons, together with the sheriff's return and the indorsements and file-marks of the clerk thereon, was presented to the court by the defendants in support of said motion, and this was all the testimony offered on the hearing thereof; and the court set aside the summons and the service thereof, and also vacated, set aside and held for naught the judgment rendered in the action, although the plaintiff offered in open court to remit the sum of $105 from the amount of the judgment.

These motions having been filed more than three years. after the rendition of the judgment, but one question could have been considered by the District Court, and but one question will be considered by us, and that is, Is the judgment void?

The summons in this case was made returnable within nine days after its date and was served by the sheriff on the day before the return-day thereof. Our Supreme Court has held, in the case of *Clough v. McDonald* (18 Kan. 114), that a summons of this kind is never void. It says, however, that if the officer should take the ten days given him by law within which to serve it upon the defendant, it might be voidable, for the reason that it shortens the time within which the defendant may answer or demur; but where the officer serves the summons before the return-day, the summons or the service is neither void nor voidable. In such a case the defendant has lost nothing. He has his full twenty days after the return-day of the summons within which to answer or demur, and that is all that the law gives him in any case. It is the time of the officer and not that of the defendant that is shortened by making the return of the summons less than ten days from its date.

In the case at bar, if the summons or the return thereof was void and should have been set aside, it was because the sheriff failed to return the summons and file it with the clerk upon the day mentioned in the summons.

In the case of *Smith v. Payton* (13 Kan. 366), our Supreme Court says: "We suppose that it will not be claimed that a writ, or the service thereof, becomes void by reason of. a failure of the sheriff to return the writ on the return-day. It is the general practice of sheriffs not to return writs until after the return-day."

In that case they upheld a writ which was returned twenty-one days after it was issued. In the case at bar, the defendants were personally served with summons on the twenty-third day of November, 1887, and had until the fourteenth day of December within which to answer or demur to the petition filed therein. This was twenty-one days after the service of the summons and twenty days after the return-day mentioned in the summons. Clearly the defendants lost nothing, were deprived of no rights, by the failure of the sheriff to return and file the summons on the day mentioned therein as the return-day, and the court erred in setting aside the summons or service thereof, or the judgment heretofore rendered in this case.

The judgment of the District Court is reversed, and the case remanded with instructions to overrule the motion to set aside the summons and the service thereof, and the judgment heretofore rendered in this case.