GEORGE GRAVES, APPELLANT, V. J. D. MACFARLAND
ET AL., APPELLEES.

FILED JUNE 21, 1899. No. 8926.

1. **Summons: SHERIFF'S RETURN.** An officer's return, within the meaning of the statute relating to the service of process, includes not only the certificate of service, but also the delivery of the writ to the office from which it issued.

2. ————: SERVICE: TIME TO MAKE RETURN. If a summons be served within the time limited by the statute, the court from which it issued acquires jurisdiction of the person of the defendant, and may render a valid judgment against him, notwithstanding the officer's failure to make his return during the life of the writ.

3. **Mortgage-Foreclosure: DEFICIENCY JUDGMENT.** In an action brought to foreclose a real estate mortgage the district court, prior to 1897, was authorized to render a deficiency judgment against a purchaser who had assumed and agreed to pay the incumbrance in suit.

4. ————: ————: NOTICE. The jurisdiction of the district court to render a deficiency judgment under the provisions of section 847 of the Code of Civil Procedure did not depend upon the service of any notice other than the original summons.

5. ————: ————: ————: PLEADING. A deficiency judgment against a purchaser of mortgaged premises is not void because the personal liability of such purchaser is not shown by the petition. It is sufficient if the fact is disclosed by the answer of the mortgagor who, claiming to stand in the attitude of a surety, demands exoneration.

6. **Service of Summons: INSUFFICIENCY OF EVIDENCE.** Evidence examined, and found insufficient to support the finding of the trial court.

APPEAL from the district court of Antelope county. Heard below before ROBINSON, J. *Reversed.*

*J. F. Boyd,* for appellant.

*S. D. Thornton, contra.*

SULLIVAN, J.

This is an appeal by George Graves from a judgment of the district court of Antelope county. The facts es-

sential to an understanding of the questions presented for decision are these: The appellant, who was plaintiff below, purchased of Lyman Seiler, in August, 1890, a lot in the city of Lincoln subject, according to the recital of the deed, to an incumbrance of $1,600. In January, 1892, the mortgagee, J. D. Macfarland, brought an action in the district court of Lancaster county to foreclose his mortgage, making Seiler and Graves and wife parties defendant. Mr. and Mrs. Graves resided in the city of Neligh, in Antelope county, and process was sent to the sheriff of that county for service upon them. The writ was issued on January 10 and was made returnable January 18. It was not in fact returned and filed in the office of the clerk of the district court until January 23. The sheriff's certificate, which is dated January 16, recites that on January 15 the summons was personally served upon Mrs. Graves and a copy left at the usual place of residence of George Graves. Seiler appeared in the action and in due time filed an answer, in which he alleged that Graves had agreed to pay the mortgage in suit and asked that he be required to perform his contract. While Macfarland in his petition demanded a deficiency judgment against Graves, he did not allege an assumption by him of the indebtedness or state any other fact upon which to base his claim to that relief. Mr. and Mrs. Graves made no appearance in the case and were defaulted. The court rendered a decree of foreclosure, and made a finding to the effect that the appellant had assumed the payment of Macfarland's mortgage. Afterwards, without notice, a deficiency judgment for $1,102.23 was rendered against Graves alone. This judgment was then assigned to Seiler, who was attempting to enforce it when the appellant brought this action against him to obtain a perpetual injunction.

It is contended that the summons not having been returned within the time limited by the statute, the court acquired no jurisdiction over the person of the appellant, and that the judgment rendered against him was there-

fore void. We think counsel is right in asserting that the file-mark of the clerk is the proper and primary evidence of the time when the summons was returned by the sheriff. And it must, under the authorities, be conceded that the return contemplated by the law includes not only the officer's certificate of service, but also the delivery of the writ to the office from which it issued. (Alderson,. Judicial Writs & Process sec. 184; *Nelson v. Cook*, 19 Ill. 440; *Cariker v. Anderson*, 27 Ill. 358.) It does not follow, however, that a service which is valid when made becomes a nullity because the officer fails to make due return of the writ. When the summons is served the action is pending; the court has jurisdiction of the parties and cannot be divested of the authority over them by any fault or omission of the sheriff. It is not the officer's return that gives the court power to hear and determine the cause, but the fact of service during the life of the writ. The return is, of course, the appropriate evidence of the jurisdictional fact, but it is not conclusive. There is no good reason why a defendant who has been duly served should complain because the court was not possessed of the proof of service within the time fixed by the statute. (*Smith v. Payton*, 13 Kan. 362; *Clough v. McDonald*, 18 Kan. 114; *Miller v. Forbes*, 49 Pac. Rep. [Kan.] 705.)

The next question for consideration is the power of the court to render a personal judgment in favor of Macfarland and against Graves in the absence of an allegation in the petition showing that Graves had assumed the mortgage debt. It is the settled doctrine of this court that one who purchases mortgaged premises and assumes as part of the consideration to pay the mortgage debt becomes personally liable for any deficiency that may remain after applying the proceeds of the foreclosure sale. (*Cooper v. Foss*, 15 Neb. 515; *Stover v. Tompkins*, 34 Neb. 465; *Rockwell v. Blair Savings Bank*, 31 Neb. 128; *Hare v. Murphy*, 45 Neb. 809.) The purchaser in such case is regarded as the principal debtor, and the mort-

gagor stands as to him in the situation of a surety.  The answer of Seiler, then, was in the nature of a cross-action to compel the purchaser to perform his alleged agreement and to compel the plaintiff to obtain satisfaction from a principal debtor.  The relief demanded was germane to the action to foreclose and for a deficiency judgment, and the court, if Graves was before it, acquired jurisdiction to determine the issue which Seiler presented for decision.  It is true that Graves never did assume or agree to pay the mortgage and that the allegations of Seiler's answer were absolutely false, but it was nevertheless appellant's duty, if served with summons, to appear and by a proper pleading put such allegations in issue; otherwise they would stand confessed.  Considering the counter-claim in the nature of an action for the exoneration of a surety, we think on the face of the record the court had jurisdiction to render the deficiency judgment.  (1 Brandt, Suretyship & Guaranty secs. 192, 206; 9 Ency. Pl. & Pr. 468.)

Counsel for appellant insists that the court was not authorized to render a deficiency judgment without special notice of the application therefor.  The usual practice undoubtedly was to serve such notice when practicable; but the statute which gave the right to a deficiency judgment in an action to foreclose a mortgage did not require it.  Section 847 of the Code of Civil Procedure, which was repealed in 1897, clearly contemplated no other notice than that imparted by the original summons.

We come now to the question of the sufficiency of the evidence to sustain the finding of the trial court that there was due service of the summons in the foreclosure suit upon George Graves.  In our judgment the proof completely warrants the claim of appellant that he was never served, and that the officer's return of service was false.  The district court was, of course, in a better position than we are to determine the credibility of witnesses.  We do not lose sight of that fact.  We take it

into account and give it proper weight, but we are still
utterly unable to avoid the conviction that the trial judge
in his conclusion upon this point was wrong, entirely and
manifestly wrong. It is claimed that the service was
made at the residence of Graves in Neligh on the 15th
of January by delivering copies of the writ to Mrs.
Graves. The sheriff testified to this and stated that one
of the members of the county board was with him at
the time; but this gentleman being called as a witness
was not able to confirm the sheriff's statement. There
was no explanation of the fact that the summons was
not returned on the day the certificate of service is al-
leged to have been written, nor for several days after the
return day. Upon this point the sheriff was strangely
silent. If service had really been made, it would seem,
in the natural and orderly course of business, that the
summons would have been mailed to the clerk of the
district court at Lincoln as soon as the certificate of
service had been indorsed upon it. And if service had
really been made, it seems quite remarkable that Graves
should give no attention whatever to the suit. Three
witnesses, all apparently credible and one entirely dis-
interested, testified in the most explicit and positive man-
ner that on January 15 the sheriff did not visit the
Graves' residence. The date is definitely fixed by the
fact that a daughter of Mr. and Mrs. Graves who had
been recently married was expected home on that day
in accordance with her wedding card announcement. It
also appears that Mrs. Graves was seriously sick at the
time. We think the plaintiff in this action has shown
by the requisite *quantum* of proof that he was not served
with summons in the foreclosure suit. Wherefore the
judgment of the district court is reversed and a judgment
rendered in this court making the temporary order of in-
junction perpetual.

REVERSED.

HARRISON, C. J., expressed no opinion as to the doc-
trine stated in fifth paragraph of the syllabus.

NORVAL, J., dissenting.

I find myself unable to reach the conclusion that the evidence adduced on the trial is insufficient to sustain the finding of the court below that service of summons was not duly made upon George Graves in the foreclosure cause. In addition to the sheriff's return indorsed on the summons in that suit, and the presumption which must be indulged in favor of its truthfulness, there is the clear, positive, and direct testimony of that officer that he served the summons on Graves at his residence in Neligh on the date named in the return by leaving a true copy of the writ for him with Mrs. Graves. Certainly this evidence was sufficient to support the finding of the district court. There was a large mass of evidence introduced tending to show that the summons was not served upon Graves, which would have warranted the court below in deciding this point in favor of Graves. There was a sharp conflict in the evidence, and to disturb the judgment of the district court is to disregard the rule time and again asserted and applied by each member of this court that a finding of fact based on conflicting evidence will not be disturbed on review.