## D. W. BUTLER v. E. E. BRUCE & COMPANY ET AL.

FILED DECEMBER 20, 1905. No. 14,038.

1. **Contract: ASSUMING DEBT: ACTION.** When a vendee of personal property assumes and agrees to pay as the purchase price, or a part of it, an indebtedness of the vendor to a third person, the creditor may enforce the obligation by a suit at law against both parties to the agreement.

2. **Appeal: JUDGMENT.** A judgment for the plaintiff rendered in the district court on appeal is not erroneous because it includes interest upon the claim sued upon during the time of the pendency of the action in that court, although the judgment is thereby made to exceed in amount the jurisdiction of the court from which the appeal was taken.

ERROR to the district court for Box Butte county: WILLIAM H. WESTOVER, JUDGE. *Affirmed.*

*B. F. Gilman, R. C. Noleman, D. W. Butler* and *J. B. Strode,* for plaintiff in error.

*W. G. Simonson* and *Hamilton & Maxwell, contra.*

AMES, C.

Tillotson was a retail merchant owning a considerable stock of goods and book accounts, and was considerably indebted to divers parties, among the latter of whom were the defendants in error, E. E. Bruce & Company. He sold and transferred the property mentioned to the plaintiff in error, Butler, by a written contract, in which the latter agreed "to settle with the wholesale houses on such terms as may be agreed on between said Butler and said wholesale houses, * * * a copy of said obligations to said wholesale houses is hereby attached and made a part of this contract, and the settlement of the aforesaid obligations is to be made in such manner as to save said Tillotson harmless on said obligations." It is the settled law of this state that, when a vendee of mortgaged real estate assumes in his deed and agrees therein to pay the mortgage debt, as a part of the purchase price, the vendor is not thereby released from his obligation, but, as between himself and the vendee the latter becomes the principal debtor and the former his surety, and the obligation thus assumed by the vendee the mortgagee may enforce in a joint action against both the parties to it. *Merriam v. Miles,* 54 Neb. 569; *Graves v. Macfarland,* 58 Neb. 802; *Lincoln University v. Polk,* 1 Neb. (Unof.) 403.

By such a transaction there is no novation or substitution of one debtor for another and no release of the mortgagor from his indebtedness, but the vendee, as between himself and the vendor, makes himself a party to the obligation as principal debtor, and the creditor becomes entitled to recognize and affirm the relation, and advantage by it, if he chooses so to do, and it has even been held that in equity the mortgagor may compel him so to do.

By such a transaction the vendee becomes something different from, and something more than, a guarantor of the obligation of the original debtor, although he has entered into no direct contract relation with the creditor. Although this doctrine originated in equity, it was recognized and enforced, and we think correctly so, as a legal obligation in an action at law in the case last above cited, and we can see no reason why it is not equally applicable when the subject of the transfer and the consideration for the assumption of the debt is personal property. It is true that in *Lincoln University v. Polk, supra,* the original debtor was not made a party, so that the precise question here discussed was not decided, but no reason is suggested why, if the equitable rule is adopted in part by the courts of law, it should not be accepted by them in its whole scope and meaning.

One of the obligations referred to in the agreement and contained in the schedule thereto annexed was the indebtedness to E. E. Bruce & Company, for $915.16, for the recovery of which the defendant in error begun this action against both Tillotson and Butler in the county court. In that court there was a general demurrer to the petition by Butler, which was sustained, and the action was dismissed as to him, and at the same time a judgment was recovered against Tillotson, who failed to appear. From both these judgments the plaintiff appealed to the district court, where, after a general demurrer by Butler to his original petition had been sustained, he filed an amended petition, to which the latter filed an answer, in which he attempted to incorporate an objection for misjoinder of defendants and of causes of action. If this objection had been good, the grounds of it would have appeared upon the face of the petition, and it would have been waived by the general demurrers in both courts, so that it would not have been available by answer, but we have already given our reasons for thinking it not good.

The facts above recited were well pleaded in the petition and were admitted by the answer, and the court, on mo-

tion, rendered a judgment for the plaintiff upon the pleadings, which Butler seeks to reverse in this proceeding.

There was included in the judgment an item of $114.69 for interest. This item is objected to for the reason that the amended petition merely prays for interest, without fixing any date from which it was computable, but the computation was made from the date of the filing of the original petition in the district court to the date of the judgment, that is, for the time during which the action was pending in that court. The amended petition related back at least to the date of the filing of the pleading of which it was an amendment, and there was therefore no error in the respect complained of (*McKeighan v. Hopkins,* 19 Neb. 33), although the judgment was thereby made to exceed in amount the jurisdiction of the court from which the appeal was taken.

For these reasons, we recommend that the judgment of the district court be affirmed.

LETTON and OLDHAM, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, it is ordered that the judgment of the district court be

AFFIRMED.