BENJAMIN F. PITMAN, APPELLEE, V. CARL HEUMEIER ET AL., APPELLANTS.

FILED APRIL 10, 1908. No. 15,033.

1. **Process: SERVICE: RETURN: JURISDICTION.** The court acquires jurisdiction over a defendant upon the proper service of summons regularly issued; and it is immaterial that the officer serving the summons does not make and file his return until after the answer day.

2. **Courts: CONTINUANCE: JURISDICTION.** Where the county judge fails to attend at the commencement of any regular term of the county court, all cases pending in the court and triable at such term are, by operation of law, continued to the succeeding term, and the court retains jurisdiction to try such cases at the succeeding term.

3. **Judgment: VALIDITY.** A judgment rendered by a county court on default, and in the absence of both parties, in a civil action not cognizable before a justice of the peace, at a time that it is regularly reached for trial, although irregular, is not void; and, if no seasonable application is made to set it aside for such irregularity, it may be enforced.

APPEAL from the district court for Sioux county: WILLIAM H. WESTOVER, JUDGE. *Affirmed.*

*J. E. Porter* and *A. L. Schnurr,* for appellants.

*Allen G. Fisher, contra.*

GOOD, C.

This appeal arises out of a proceeding originally instituted in the county court to revive a dormant judgment. Objections to the revivor were filed, setting up facts, which, it was urged, made void the original judgment sought to be revived. Upon a hearing the county court sustained the objections and dismissed the revivor proceedings. The plaintiff took the case on error to the district court, where the petition in error was sustained, the judgment of the county court reversed, and the original judgment ordered revived. From this judgment of the district court, the defendants have appealed to this court.

The facts, as disclosed by the record, and necessary to an understanding of the controversy here, are as follows: On September 5, 1899, Benjamin F. Pitman, the appellee herein, filed his petition in the county court against Carl Heumeier and Cordelia Heumeier, praying for judgment for more than $600 on promissory notes set out in the petition. On the same day summons was issued, requiring the defendants to answer on the 6th day of October, 1899. The summons was made returnable on the same day. On the answer day the defendants appeared at the courthouse and found the county judge's office locked. It appears that he was then absent from the county and remained away until the 30th day of October. The defendants, on answer day, were unable to inspect the petition, and did not then, nor thereafter, make any further attempts to do so, nor make any attempts to apear or defend in the action. Whether or not they had any valid defense does not

appear from the record in this case. On the 30th day of October the summons was returned and filed. On the 6th day of November the court made a trial calendar and set this case for hearing at 1 o'clock P. M., November 11, 1899. On that day, and after waiting for more than an hour, neither of the parties appearing, and the notes upon which the suit was based being on file, the county judge, without any application from the plaintiff, took up the case, investigated the evidence on file, and rendered judgment in favor of the plaintiff for the amount due upon the notes. In January, 1906, the judgment having become dormant, plaintiff made an application to revive it. The defendants filed objections to the revivor, and set up the foregoing facts, with the result above stated.

Appellants first contend that the county court was without jurisdiction to render the original judgment, because the summons was not returned and filed within its lifetime. This court has held in the case of *Graves v. Macfarland,* 58 Neb. 802, that, so long as the summons is served within its lifetime, the court acquires jurisdiction, although the return was not made at the time stated in the writ. Appellants urge that this case is not applicable, because the rule there announced was in a case where the return was made before answer day. We are unable to see the distinction. It was there held that the court acquired jurisdiction by reason of the service of summons, and, if it acquired jurisdiction by service of summons, it certainly was not divested of jurisdiction by reason of the failure of the sheriff to make and file his return. The object of the issuance and service of summons is to officially notify the defendant of the commencement of the action and of the time and place he is required to answer. The making and filing of a return would appear to be wholly immaterial to the defendant. By the proper service of summons upon the defendant he is fully apprised of the commencement of the action and of the time and place where he is required to answer. The law requiring the sheriff to make return is evidently for the purpose of furnishing proper evidence

that the defendant has been given the notice required by law. This evidence might be supplied by other means than the return upon the summons. The jurisdiction of the court does not depend upon any particular kind of evidence as to the service of summons, but is acquired by the service of summons.

Appellants next urge that the county court had no jurisdiction to set the case down for trial or to enter default at the November term, and that, in the absence of any appearance by the defendants at the October term and the failure of the plaintiff to prosecute or take a default at that term, the court lost jurisdiction with the expiration of the October term. The summons was served more than ten days prior to the commencement of the October term, and had the county judge been present the cause was properly triable at that term, but, owing to the absence of the county judge, the case could not be heard at that term. Section 4811, Ann. St.1907, provides: "When for any cause the probate judge fails to attend at the commencement of any regular term, or at the time when any cause is assigned for trial, or at the time to which any cause may be continued, the parties shall not be obliged to wait more than one hour, and if he does not attend within the hour, the parties in attendance shall be required to attend at 9 o'clock A. M. of the following day, and if such judge shall not attend at that time, the cause shall stand continued until the first day of the next regular term. This section shall apply only to causes not cognizable before justices of the peace." Under this section of the statute, the failure of the county judge to attend at the opening of the October term operated to continue all cases then pending and triable over to the November term. The court did not thereby lose jurisdiction to proceed at the succeeding term. Under section 4799, Ann. St. 1907, it is the duty of the county judge, on the first day of each term, or as soon thereafter as may be, to prepare a calendar of the causes standing for trial at such term and set the causes for trial upon convenient days during such term.

Pursuant to this statutory duty the county. judge, on the 6th day of November, made a trial calendar and assigned this case for trial on the 11th day of November, 1899, at 1 o'clock P. M. Up to this point, every action of the county judge in this case appears to have been regular and above criticism, but appellants urge that the court had no authority, in the absence of both parties and without any application on the part of the plaintiff, to dispose of the case and render judgment on the 11th day of November. The cause stood for trial at that time, the defendants were in default for want of answer or any other pleading or appearance, and there can be no doubt that the plaintiff was entitled, upon application, to have default entered and have judgment rendered upon the pleadings as they then stood. It will not be contended that it is commendable practice for the county judge, in the absence of both parties, to take up a case and render a judgment, and the action of the court in this respect was irregular, and, had seasonable application been made to open up and set aside this judgment, we have no doubt that it would have been error to refuse it. But no such application was made, and the judgment rendered and entered was one which the plaintiff was entitled to have entered upon request. The court had jurisdiction of the parties and the cause; and, while the rule is laid down in 1 Black, Judgments (2d ed.), sec. 108, that an application for judgment is probably always necessary in case of default, yet, where a judgment was entered to which the judgment creditor was clearly entitled upon the pleadings, it will not be disturbed for the failure to give notice of the application for the judgment, but such a judgment would be irregular and voidable, and liable to be set aside upon seasonable application to the court. It is held in *Grant v. Clarke,* 58 Neb. 72, that, because the defendant made. default in the district court, all the averments of the petition were properly taken as true, except as to the amount of the recovery, and the proof upon that point was supplied by the notes sued on. In *Slater v. Skirving,* 51 Neb. 108, it is held that it is not

necessary for the plaintiff to prove his case when the defendant is in default. It was not necessary, therefore, in the instant case to introduce any evidence, and the only criticism, or irregularity, is that the court rendered judgment without any application on the part of the plaintiff therefor. While such conduct is not commendable, it would not have the effect to vitiate the judgment rendered. It was a mere irregularity. We, therefore, conclude that the judgment rendered was valid and binding upon the defendants, and that the plaintiff was entitled to a judgment of revivor.

It follows that the judgment of the district court should be affirmed.

DUFFIE and EPPERSON, CC., concur.

By the Court: For the reasons given in the foregoing opinion, the judgment of the district court is

AFFIRMED.