No. 36,045

THOMAS FAUST and MARY E. FAUST, Husband and Wife, *Appellants*, v. FRANCES H. CARSON, as an Individual and as Administratrix of the Estate of W. G. Carson, Deceased, et al., *Appellees*.

(148 P. 2d 504)

Opinion filed May 6, 1944.

*W. L. Cunningham,* of Arkansas City, argued the cause, and *D. Arthur Walker* and *William E. Cunningham,* both of Arkansas City, were on the briefs for the appellants.

*Lloyd S. Roberts,* of Winfield, argued the cause for the appellees.

The opinion of the court was delivered by

SMITH, J.: This is an action to recover money. Judgment was for the defendants sustaining a demurrer to the petition of plaintiffs. Plaintiffs appeal.

The outcome of the litigation depends in a large measure on what was done in a former action between Thomas Faust and these same defendants. The pleadings in that action were attached to the petition in this case.

After alleging the relationship of the plaintiffs and that the defendants were the administratrix of the estate and the heirs of W. G. Carson, the petition alleged that plaintiffs were the owners of a described quarter section of land in Cowley county; that about September, 1917, they became indebted to W. G. Carson in the amount of $4,550 and gave Carson a mortgage on the premises; that this mortgage on its face purported to be a deed, but was really a mortgage to secure the outstanding indebtedness; that commencing in 1917 the plaintiffs each year turned over to Carson the proceeds of the farm and did work for him so it could be applied on payment of the indebtedness and the work done exceeded in value the indebtedness of plaintiffs to Carson; that plaintiff, Thomas Faust, was a negro of no education and at the time of delivering the mortgage deed in question Carson had agreed to keep an accurate account of the sums paid him by the plaintiffs; that at different times they asked Carson for an accounting and he said the debt had not been satisfied so they continued to deliver the proceeds from the farm to him and to perform labor. The petition alleged that Carson died intestate on January 16, 1934, and left defendants as his only heirs at law and Frances H. Carson as administratrix of his estate; that about November 22, 1934, the defendants made an oil and gas lease on the property and from that date they took large quantities of oil and gas from it. The petition then alleged that in an action in the district court of Cowley county between Thomas Faust, one of the plaintiffs in this case, and these same defendants, it was finally determined that the deed spoken of was in fact only a mortgage to secure the payment of $4,550 and that this had all been paid and this judgment had become final. The petition further alleged that in addition to the proceeds from oil and gas received, already mentioned, from these premises the defendants had received further income, the amount of which was not known to plaintiffs; that the

plaintiff had requested an accounting of the defendants, all of which had been ignored, and that an accounting was necessary. The prayer of this petition was as follows:

"Wherefore, plaintiffs pray for a judgment against the defendants for a discovery and an accounting and for a judgment against the defendants for such amounts as an accounting shall show that W. G. Carson and the defendants have had and received over and above the indebtedness of these plaintiffs to W. G. Carson and these defendants, and for interest and the costs of this action and for such other and further relief as may be just and equitable."

The motion of one of the defendants to require plaintiffs to make their petition more definite and certain in certain particulars was sustained by the trial court, whereupon an amended petition was filed. This amended petition for the purpose of this decision is substantially the same as the original petition.

In the meantime, in 1942, Thomas Faust died and the action was revived in the name of Mary E. Faust, administratrix, and Mary E. Faust, an individual.

To this amended petition was attached the petition in the action filed by Thomas Faust against these same defendants, which has already been mentioned in this opinion. In that action he alleged first his residence; that the defendants were the administratrix and sole heirs of W. G. Carson; that Carson was in his lifetime a shrewd businessman of large means; and plaintiff, a colored man of little education and very limited business experience; that about March 13, 1915, plaintiff became the owner in fee simple of the same quarter section of land that is described in the other petition subject to a mortgage lien in the amount of $4,000 and ever since that time he had resided thereon with his family and it was his homestead; that when the mortgage became due plaintiff was unable to pay it and Carson proposed to him that he would carry the mortgage and plaintiff could pay him quarterly a tenant's share of the crops and whenever Carson had received enough from plaintiff to pay the loan, interest and taxes or whenever plaintiff desired to sell the farm and could realize enough therefrom to pay Carson, Carson would release to plaintiff his right, title and interest in the land; that plaintiff relied on these promises and entered into an agreement whereby Carson was to furnish the money to take up the loan and plaintiff was to secure to Carson the deed to the premises and make payments and all money received by Carson for gas or oil on this land would be applied to the payment of the taxes, interest and loan on this

land; that in September, 1917, plaintiff signed the deed to the premises giving them to Carson as security for payment of this loan and plaintiff had ever since remained in possession of the premises paying Carson each year considerable sums, the exact amount of which he was unable to give; that three or four years before the action was brought a windstorm damaged buildings on the premises and Carson received the money the insurance company paid therefor to apply on the indebtedness; that plaintiff was offered $2,000 for an oil and gas lease on the farm and Carson told him he could do better than that; that Carson sold an oil and gas lease on the farm for $2,000, which he was bound to apply on the loan and that he did so apply it. The petition then alleged that oil and gas was discovered in paying quantities and Carson and defendants had been receiving one-eighth of the oil proceeds from it, which by agreement of the parties was to be applied on the indebtedness; that the agreement was that Carson should keep an accurate account of all payments made; that when the receipts by Carson equaled the taxes, principal and interest Carson would deed the land back to plaintiff and that this deed was given as security for the payment of the aforesaid mortgage deed. This petition then alleged that plaintiff was entitled to an accounting with the defendants as to the amounts paid by plaintiff to Carson in the form of rent to be applied on the indebtedness and the amount received by defendant from the production of oil and gas on the farm, all of which was to be applied on the payment of the loan and when the sums so received had paid the mortgage debt, interest and taxes, and the debt had been fully paid it should be satisfied of receord. The prayer in this petition was as follows:

"Wherefore, plaintiff prays judgment of this court finding and determining that said deed heretofore described be declared to be a mortgage to secure the aforesaid mortgage debt, and that an accounting be had as to the payments made by this plaintiff to said Carson and the defendants herein, and as to the amounts received by said Carson and the defendants herein from the sale of oil and gas leases thereon, and from oil and gas produced under said lease or leases and the amount thereof received by said Carson and the defendants herein; and that said amounts so paid by this plaintiff and the amounts so received by Carson and defendants equal said loan and advance made by Carson, all interest thereon, all taxes paid and interest thereon; that said mortgage debt has been fully paid and satisfied, and the lien by said deed created has been discharged, and that defendant be required to release said lien created by said mortgage deed, by re-deeding said land to this plaintiff, and further such other and further relief as plaintiff may be entitled to in law and equity and for costs."

To this petition the defendants filed an answer and cross petition in which they denied, first, all of the allegations that the deed in question was intended to be a mortgage, instead of a deed, to secure the indebtedness of Faust to Carson; denied that plaintiff occupied the premises as a homestead but, on the other hand, alleged that Faust had repeatedly said he was renting the land from Carson and denied that plaintiff ever paid any sums of money in cash to Carson or denied that any oil and gas lease had been sold by Carson or that any money from oil and gas was to be paid or applied on interest and taxes. The answer alleged that none of the defendants kept an account because plaintiff was merely a tenant and had no right, title or interest in any of the proceeds of the land; that defendants in 1936 told plaintiff he could no longer remain upon the land as tenant; that they finally let him remain until August, 1937, whereupon plaintiff refused to vacate the premises and had been a trespasser upon the land since that date; that notice had been served on him to vacate the premises on June 29, 1937.

In the cross petition they alleged further about the notice to vacate and the fact that they claimed they were the owners of the land and asked that plaintiff Faust be forcibly ejected from the premises.

In the second cause of action which they filed by way of cross petition they alleged that defendants had been damaged in the amount of $700 by letting stock run over the land.

Their prayer was for a judgment in this amount and that they be given possession of the property and declared to be the owners thereof in fee simple.

The plaintiff replied to these allegations by way of a general denial.

When that action was tried the questions of fact were submitted to the jury. The jury found that the instrument given by Faust to Carson was intended by the parties as a security for an indebtedness by Faust to Carson; that the amount of the indebtedness was $4,675.69; that it had been paid in full.

The motion of the defendants for a new trial in that action was overruled and judgment entered in accordance with the findings of the jury.

The defendants appealed that case to this court and the plaintiff filed a cross-appeal.

The basis of the plaintiff's cross-appeal was that the court had

erred in refusing to instruct the jury that the plaintiff was entitled to judgment against the defendants for all the monies received by the defendants over and above the amount necessary to pay the indebtedness on plaintiff's land; the failure of the district court to submit to the jury a special question as to the amount the plaintiff had paid or caused to be paid to Carson, and the failure of the court to have an accounting and final decision as to the amount which Carson and defendants had received in excess of the amount of the indebtedness. These appeals were both dismissed for lack of prosecution.

In the present case the defendants moved to strike from the files the amended petition, to which these pleadings had been attached, because it did not conform to the order made by the court requiring the original petition to be made more definite and certain. When this came on to be argued the parties all agreed to treat it as a demurrer to the petition. It was so treated and sustained by the trial court.

The appeal is from that order.

This demurrer was sustained because the trial court concluded that the judgment in the case of Faust against these defendants was *res judicata* of the matters raised in the instant case. The plaintiff argues that this judgment was not *res judicata* because there was no identity of the persons and parties to the two actions. In this connection she points out that the former action was brought in the name of Thomas Faust against these defendants while this action was brought in the name of Thomas Faust and wife against these defendants. She also argues that the two causes of action were not identical because the first action was based on an express contract, that is, that Carson had agreed that the deed should be a mortgage instead of a deed and on the fact that the indebtedness to be secured by the deed had been paid, while the instant action was based on an implied contract, that is, for Carson to pay to the Fausts all that had been wrongfully received and held by him.

Regardless of the designation used in these two cases the fact remains that in each case the plaintiff asked for an accounting for the same general transactions in each case. The pleadings and all the proceedings in the former action were attached to and made a part of the amended petition in this action. We have the advantage of all that transpired in that case except the transcript of the evidence taken at the trial. Notwithstanding this lack, however, we know

from the nature of the pleadings and the relief given Faust that the trial court in that action heard testimony that had to do with payments made to Carson by Faust on this indebtedness from the time when the deed was given by Faust until the time when the action was instituted. It is true, as argued by plaintiff, that the plaintiff in the first action asked in his prayer for a judgment only that the amount received by Carson equaled the loan and advances made by Carson. He should have, however, asked for an amount equal to all that had been paid by Faust to Carson during the entire time that Faust had been making payments on this land. Once the court had jurisdiction to adjudicate the matter of whether the deed was actually a mortgage, it had jurisdiction for the purpose of adjudicating all differences between Faust and Carson growing out of the giving of this deed and the payments Faust claimed he made to Carson. In *Holmes v. Holt*, 90 Kan. 774, 136 Pac. 246, this court held:

"When a court of equity acquires jurisdiction of an action brought to determine whether certain conveyances are, in fact, mortgages, although purporting to be deeds, it will retain jurisdiction for the purpose of adjudicating all differences between the parties growing out of the transaction." (Syl. ¶ 1.)

In this case the court acquired jurisdiction of the cause of action to determine that the deed in question was really a mortgage. In order to fully determine the differences between the parties the court had to consider the issues as to whether during the time that Carson held the deed and Faust was on the farm Faust had paid him enough so that the amount of the indebtedness was paid. This required an accounting and an examination of the same transactions that Faust and his wife now ask to be examined in this case. Those issues were the same in each action. We are not impressed with the argument that this action is brought in the name of Thomas Faust and wife while the former action was brought in the name of Thomas Faust only. Both petitions allege that the real estate in question was the homestead of the parties. Any benefit that flowed to Faust from the first action would also come to his wife. In *Rost v. Heyka*, 133 Kan. 292, 299 Pac. 929, we held:

"A fact brought in issue and judicially determined in a court of competent jurisdiction is conclusively settled by the judgment therein as to the parties to the action and those in privity with them and cannot be relitigated in a later action." (Syl. ¶ 1.)

Mary, the wife of Thomas, was certainly in privity with the rights

of her husband in the former action. There is no allegation in the petition in this case from which it might be inferred that Mary Faust had any interest in this action which she did not have in the former one.

The appellant in this action points out when the former action was submitted to the jury Faust asked that the jury be required to make a finding as to how much Carson had received altogether from him and the court refused to submit that question. He argues from this that Faust was prevented from litigating the matters in the former action which he seeks to litigate in this action.

This is not the proper place for the question of whether or not the court was correct in that ruling to be decided. The fact is, however, that when the defendants in that action did appeal Faust filed a cross-appeal on the ground, among others, that the trial court should have passed on the same issues which appellant seeks to have considered here. The appeal and cross-appeal were both dismissed so this court was never required to pass on the correctness of that ruling. The fact, however, that the appeal was taken and later dismissed does not detract from the finality of the determination. The time for the appeal is now past and the judgment is final as though this court had passed on it. (See *Manley v. Park*, 62 Kan. 553, 64 Pac. 28; also *Anthony v. Halderman*, 7 Kan. 50.)

The fact that the plaintiff in the former action insisted that the trial court in that action should have submitted to the jury the matter of the entire payment to Carson is persuasive on the question that his evidence in that action covered all the payments. It might be that we would have held with him on that point. Had we done so we would have remanded the case to the district court with direction to grant plaintiff a new trial on the question of the amount of payments made to Carson. The same question of fact, however, cannot be considered in another and entirely different action.

The judgment of the trial court is affirmed.