ROBERT G. SIMMONS, SR., ET AL., APPELLANTS, v. MUTUAL BENEFIT HEALTH & ACCIDENT ASSOCIATION, A CORPORATION, APPELLEE.

159 N. W. 2d 197

Filed May 24, 1968. No. 36830.

Ray C. Simmons, for appellants.

Fraizer & Fraizer, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

CARTER, J.

Plaintiffs brought this action against the defendant in the municipal court of Lincoln, Nebraska, to recover benefits alleged to be due under a health and accident insurance policy issued by the defendant. On April 26,

1967, the municipal court entered a judgment for the plaintiffs. On May 5, 1967, defendant filed a notice of appeal and appeal bond for the purpose of perfecting an appeal to the district court. Plaintiffs filed a motion to dismiss the appeal to the district court and also a motion to quash the appeal for noncompliance with section 26-1,104.01, R. S. Supp., 1965, effective November 18, 1965. The motions were overruled by the trial court. A judgment for the defendant was subsequently entered in the district court from which plaintiffs have appealed.

The plaintiffs contend that jurisdiction was not acquired by the district court from the municipal court and, consequently, no jurisdiction acquired by this court for the reason that a copy of the notice of appeal was not served on the plaintiffs as required by section 26-1,104.01, R. S. Supp., 1965, and further, that proof of such service by affidavit was not made within 5 days after the filing of the notice of appeal as required by the same section. The record shows that the notice of appeal and bond were filed on May 5, 1967, within 10 days after the entry of judgment in the municipal court on April 26, 1967, but a copy of the notice of appeal was not served on the plaintiffs until May 24, 1967, and the affidavit of service of the notice of appeal was not filed until June 28, 1967. It is contended that the service of a copy of the notice of appeal within 10 days after the entry of the municipal court judgment and the service by affidavit within 5 days after the filing of the notice of appeal stating such fact are jurisdictional requirements, and the failure to comply has the effect of defeating the appeal.

The failure to serve a copy of the notice of appeal on the plaintiffs within 10 days after the entry of judgment in the municipal court is a jurisdictional defect which has been decided by this court in Radil v. State, 182 Neb. 291, 154 N. W. 2d 466. In that case, involving a similar provision contained in section 76-715.01, R. R. S. 1943, effective November 18, 1965, this court said: "The former statute required the timely filing of a notice of

appeal and the filing of an undertaking to lodge jurisdiction in the district court. The 1965 amendment added a further provision, a requirement that a copy of the notice of appeal be served on all parties bound by the award. These provisions are mandatory and must be complied with in perfecting an appeal to the district court. The language is clear and definite, and not arbitrary, unreasonable, and capricious within any constitutional provision or rule of law with which we are familiar. The failure to comply with the mandatory provision of the statute to serve a copy of the notice of appeal on the Department of Roads within 30 days after the filing of the appraisers' award is fatal to the acquiring of jurisdiction by the district court to hear the appeal." Under the statute before us, the failure to serve a copy of the notice of appeal within 10 days after the entry of judgment in the municipal court is fatal to the acquiring of jurisdiction by the district court to hear the appeal.

It is further contended that the failure to file the affidavit of service of the notice of appeal within 5 days after service of such notice is likewise a mandatory jurisdictional provision and would of itself defeat the appeal to the district court. With this we do not agree. It is plainly the purpose of the legislation to afford notice of the filing of a notice of appeal to the adverse party. The purpose of the legislation has been accomplished by the giving of such notice as the statute requires. The proof of the service of such notice is incidental only to the accomplishment of the purpose of the statute, is directory only, and may be relied on only when the failure to file results in prejudice to the adverse party. No such prejudice being shown, we, cannot say the failure to file the affidavit of service affects the result of this case. See, 72 C. J. S., Process, § 90, p. 1128; Pitman v. Heumeier, 81 Neb. 338, 115 N. W. 1083; Graves v. Macfarland, 58 Neb. 802, 79 N. W. 707.

The trial court was in error in failing to sustain the

motion to dismiss and the motion to quash the appeal to the district court. The judgment of the district court is reversed and the cause remanded with directions to sustain the motion to dismiss the appeal from the municipal court.

REVERSED AND REMANDED WITH DIRECTIONS.