ROBERT G. SIMMONS, SR., ET AL., APPELLEES, REVIVED IN NAMES OF ROBERT G. SIMMONS, JR., ET AL., APPELLEES, V. MUTUAL BENEFIT HEALTH & ACCIDENT ASSOCIATION, A CORPORATION, APPELLANT.

180 N. W. 2d 672

Filed October 30, 1970. No. 37495.

Fraizer & Fraizer, for appellant.

Ray C. Simmons, for appellees.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

CARTER, J.
Plaintiffs brought this action against the defendant insurance company to recover under a policy of insurance for hospital benefits resulting from injuries sus-

tained by Gladyce W. Simmons in an automobile accident. The trial court sustained a motion by plaintiffs for a summary judgment and the defendant has appealed.

On April 15, 1959, the defendant issued the policy to Gladyce W. Simmons as beneficiary. All premiums due under the policy were paid and the policy was at all times here involved in effect in accordance with its terms. On May 10, 1964, the insured was injured in an automobile accident. As a result of the accident, the insured was confined continuously to hospitals and convalescent or nursing homes from May 10, 1964, to July 8, 1968, the period involved in this litigation. The issue involves the extent and amount of the liability of the defendant under its policy.

The policy contained the following pertinent provisions: " 'Hospital confinement' means necessary confinement as a resident bed patient in a place which is licensed as a hospital and which has accommodations for resident bed patients * * *. 'Convalescent or nursing home confinement' means confinement * * * beginning immediately subsequent to required hospital confinement for a period of at least 5 days, and * * * for the purpose of receiving medical care necessary for convalescence from the conditions causing or contributing to the precedent hospital confinement."

The difference of opinion arises from the following paragraphs of the policy: "The Association will pay the expense incurred by the Insured for customary hospital room charges during the Insured's hospital confinement because of injuries or sickness, but not to exceed $10.00 per day nor 60 days for any one period of confinement. * * * 'One period of confinement' means one or more periods of hospital confinement and/or convalescent or nursing home confinement resulting from the same or related causes unless not less than 6 months elapses between the termination of one confinement and the beginning of the succeeeding confinement."

Plaintiffs construe these provisions to mean that the 60-day limitation fixes the termination date of one period of confinement and that the elapse of 6 months thereafter fixes the time for a new period of confinement covered by the policy. Defendant, on the other hand, contends that for more than one period of confinement to result from the same accident, there must be a release or discharge from the hospital or convalescent home and the expiration of 6 months before reconfinement.

Under plaintiffs' theory of the case there are three 60-day periods for which defendant was liable under the policy at the time this action was brought, a 6-month period having elapsed prior to each 60-day period for which claim is made.

The defendant appears to have made payments of $600 each in 1964 and 1965. In September 1966, plaintiffs brought an action to recover $600 on each of two periods of 60 days commencing January 11, 1965, and May 12, 1966. Final judgment was obtained in the municipal court of Lincoln for these amounts. Plaintiffs plead this judgment as being res judicata of defendant's claimed defense.

The claim of res judicata as a defense grows out of a case tried in the municipal court of Lincoln. In that case the plaintiffs brought an action for two 60-day periods of hospitalization, one commencing on January 11, 1965, and the other on May 12, 1966. It cannot be disputed that 6 months intervened between the two claimed periods. The municipal court interpreted the policy as the plaintiffs contended and as they contend in the present case, and entered judgment for $1,200 and costs, including an attorney's fee. Notice of appeal was given and the district court assumed jurisdiction of the case. On appeal to this court it was determined that the appeal from the municipal court to the district court was not properly perfected and that the district court did not obtain jurisdiction of the appeal from the municipal court. Simmons v. Mutual Benefit Health &

Acc. Assn., 183 Neb. 175, 159 N. W. 2d 197. The judgment for plaintiffs in the municipal court thereupon became final and was subsequently satisfied by the defendant. It is this judgment which the plaintiffs plead as res judicata of defendant's claim of nonliability under the terms of the policy.

As respects the question of res judicata, the record shows that the parties in the municipal court case were the same as in the case before us. The cause of action was not the same, but the issue as to the meaning of the policy was the same. "An adjudication as to the construction or validity of an instrument is res judicata when it comes in issue in another action between the same parties, although the immediate subject matter of the two actions is different." 46 Am. Jur. 2d, Judgments, § 429, p. 599. "Any right, fact, or matter in issue directly adjudicated or necessarily involved in the determination of an action before a competent court in which a judgment or decree is rendered upon the merits is conclusively settled by the judgment therein and cannot again be litigated between the parties and privies, whether the claim or demand, purpose, or subject matter of the two suits is the same or not." State ex rel. Weasmer v. Manpower of Omaha, Inc., 163 Neb. 529, 80 N. W. 2d 580. See, also, Wischmann v. Raikes, 168 Neb. 728, 97 N. W. 2d 551. There are cases not applicable here which limit the scope of res judicata. American Province Real Estate Corp. v. Metropolitan Utilities Dist., 178 Neb. 348, 133 N. W. 2d 466.

Plaintiffs' claim in the present case is based on the same interpretation of the insurance policy as was given it in the municipal court case. It is true that plaintiffs' claim was based on different periods of hospitalization and, consequently, different causes of action. But the action was based on the same provisions of the insurance policy as interpreted in the municipal court. In Ripley v. Storer, 309 N. Y. 506, 132 N. E. 2d 87, it is stated: "It is familiar law that where a contract has been ad-

judged to be valid and enforcible, it is thereby rendered binding between the same parties as res judicata, even though the subsequent proceedings are on a different cause of action arising out of the same agreement. * * * 'Another statement of the rule is that any right, fact or matter in issue, and directly adjudicated on, or necessarily involved in, the determination of an action before a competent court in which a judgment or decree is rendered on the merits is conclusively settled by the judgment therein and cannot again be litigated between the parties and privies whether or not the claim or demand, purpose, or subject matter of the two suits is the same.' This rule has been applied to successive actions arising from different aspects of the same contract in numerous cases. * * * Here both causes of action manifestly arise out of the same contract, which is not severable insofar as this issue is concerned." See, also, Epstein v. Chatham Park, Inc., 52 Del. 56, 153 A. 2d 180; Faust v. Carson, 158 Kan. 479, 148 P. 2d 504; Wight v. Montana-Dakota Utilities Co., 299 F. 2d 470.

Defendant asserts that the plea of res judicata is an affirmative defense and not available as a bar to defendant's answer. The doctrine of res judicata is applicable to defenses, setoffs, and counterclaims, and such an issue so adjudicated as a defense in a prior action may not be interposed in a subsequent action as a cause of action or defense. 46 Am. Jur. 2d, Judgments, § 430, p. 600. "In the former case, the judgment, if rendered upon the merits, constitutes an absolute bar to a subsequent action. It is a finality as to the claim or demand in controversy, concluding parties and those in privity with them, not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose." Cromwell v. County of Sac., 94 U. S. 351, 24 L. Ed. 195. See, also, Summers v. Summers, 177 Neb. 365, 128 N. W. 2d 829; Muff v. Mahloch

Farms Co., Inc., 184 Neb. 286, 167 N. W. 2d 73. The present action comes within the rule.

Defendant contends that the trial court erred in granting a summary judgment in that the basis for such a judgment did not exist. The rule is that to justify the entry of a summary judgment, the record must show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Wilson Grain Co., Inc. v. Resso, 179 Neb. 676, 140 N. W. 2d 18.

Plaintiffs assert that there is no disputed question of fact as shown by the pleadings and admissions contained therein, a written stipulation, the response to a request for admissions, the response to written interrogatories, the pleadings and judgment in the municipal court case, and the affidavit of one of the plaintiffs. From the foregoing the following facts are admitted or conclusively determined: The insurance policy was issued and premiums paid. It was valid and enforcible. On May 10, 1964, the insured was injured in an automobile accident and was confined in a licensed hospital and convalescent hospital continuously thereafter during the time involved in this litigation. A previous case between the same parties was filed in the municipal court upon which a final judgment was entered. The same issue was there decided which interpreted the same provisions of the same policy necessary to a decision there as are necessarily involved here, giving rise to the defense of res judicata.

The defendant contends that there were fact questions raised in the present case which are disputed that make a summary judgment an improper remedy. It is asserted that the trial court erroneously overruled a demurrer to the petition for the misjoinder of parties plaintiff. The record shows that the first action in municipal court was brought by Robert G. Simmons, Sr. A demurrer was filed by the defendant for the reason that the petition failed to state a cause of action in that

there was a defect in parties plaintiff. A written stipulation was thereupon entered into by the parties that the demurrer should be sustained and that the plaintiff would file an amended petition in which Gladyce W. Simmons, the beneficiary of the policy, would be added as a party plaintiff. This was done. The defendant at that time did not object to Robert G. Simmons, Sr., as a party plaintiff; in fact, it was stipulated in effect that Robert G. Simmons, Sr., remain a party plaintiff. Defendant is now in no position to raise the issue. In any event the defendant is not prejudiced by the court's ruling, even if erroneous, since the beneficiary of the policy was made a party plaintiff.

Defendant also contends that there was an issue of fact as to whether or not the periods for which liability was claimed were for hospitalization or convalescent care for which the policy provided different benefits both as to time and daily rate. The trial court determined this issue in favor of the defendant and, consequently, the defendant has not been prejudiced. In its showing in resistance to summary judgment, defendant asserted the contention. Plaintiffs filed nothing in opposition to this showing. We do not think the trial court erred in holding that the contention of the defendant was admitted on this point.

Defendant further contends that plaintiffs were permitted to file an amended petition after defendant had demurred to the original petition but before the court had ruled thereon. Obviously there is no merit to this contention. The filing of an amended petition after a demurrer to the original petition has been filed and not ruled on is nothing more than a confession of the validity of the demurrer. Such action in no way prejudices the rights of the defendant and affords no valid basis for asserting error.

Defendant contends that the action should fail because proofs of loss were not filed. Proof of loss was filed following the accident. Subsequent proofs of loss

for installments subsequently to become due resulting from the same accident are not required, at least, unless demanded by the insurance company.

We think, for the reasons stated, that there was no issue of fact remaining to be tried and that the district court acted within its province in granting summary judgment. We find no error in the record prejudicial to the rights of the defendant and the judgment of the district court is affirmed.

AFFIRMED.