120  321|
e126  502|

## JONES *v.* BIBB BRICK COMPANY.

1. While process and service are essential to confer jurisdiction, and the return is only evidence of service, yet there should be in the record a return by the officer, showing that the process has been served, and that thereby the court has acquired jurisdiction of the person

2. If there has been in fact valid service and no return, or a void return, no default judgment should be entered.

3. If there has been good service, but an irregular or incomplete return, the defect may be cured by an entry making the return conform to the facts, and thus save what is in reality a judgment based on valid service.

4. Such amendment may be made by the officer voluntarily while he remains in commission, or nunc pro tunc by order of the court.

5. If the return is incomplete and the officer seeks to amend so as to cure the defect, the defendant may raise an issue as to the validity of the service, and on satisfactory evidence may prevent the amendment, or on similar proof in a direct attack thereon may have the judgment set aside.

6. In such direct proceeding to set aside a judgment based on a defective return, the movant can not rely on the incompleteness of the return, but must affirmatively show that the service actually made was not such as is required by the statute.

7. In the present case the motion to set aside the default judgment showed affirmatively that the garnishee had been properly served, and thereby made it unnecessary to amend the return, which was incomplete and defective in failing to allege that M., "its secretary and treasurer," was in charge of the company's office and business in the county.

8. A promise by the officer that he would notify the garnishee when to answer, and "sheer ignorance" on the part of the agents of the company that it was necessary to answer, afford no legal excuse for failure to answer at the time fixed by law.

9. The garnishee is required by statute to answer at the first term. After the second term the court has no discretion, but can only allow the answer to be then filed for some reason legally sufficient to excuse the failure.

10. If the existing default judgment had been set aside, a new judgment by default would of necessity have been entered against the garnishee, no legal reason being offered to excuse the failure to answer before the expiration of the second term.

Argued May 13, — Decided June 8, 1904.

Motion to set aside judgment.    Before Judge Hodges.    City court of Macon.    October 17, 1903.

On August 23, 1902, Jones made a garnishment affidavit and bond, based on a suit brought by him in the city court of Macon. The following entry appears thereon: "Georgia, Bibb County. I have this day served summons of garnishment, issued on the above and preceding affidavit and bond, . . on Bibb Brick Co., by handing the same to John T. Moore, its secretary and treasurer,

at 6:03 o'clock p. m., August 23rd, 1902. . . . This Aug.
25th, 1902. James Motes, Deputy Sheriff." On June 11, 1903,
a verdict was rendered in favor of the plaintiff, in the suit on
which the garnishment was based, and on September 15, 1903,
judgment nunc pro tunc was entered thereon. Afterwards, on
the date last mentioned, the city court rendered a judgment
against the garnishee, in which it was recited that it appeared
that "summons of garnishment during the pendency of said suit
was duly issued and served upon the Bibb Brick Company as
garnishee, on the 25th day of August, 1902, . . returnable to
the December term, 1902, of this court," and that the Bibb Brick
Company had not made any answer to the summons served upon
it. A petition to open and set aside the judgment against the
garnishee was filed at the term at which the judgment was ren-
dered. The petition alleged that in August, 1903 (?), James
Motes, constable for Gerdine, justice of the peace, served John T.
Moore, secretary and treasurer of the petitioner, with a summons
of garnishment in said case; that Moore, acting for the petitioner,
then and there stated to Motes that the petitioner had nothing
subject to garnishment, and would not become indebted to the
defendants; whereupon Motes stated that, this being so, the peti-
tioner would have no trouble about the garnishment, and that he
would notify the petitioner when the case came up; that the peti-
tioner believed that the summons was returnable to the justice's
court, and not to the city court; that the summons was misplaced
and could not be found, and the petitioner might be mistaken as
to this; that, relying on the promise of Motes that he would no-
tify the petitioner whenever it became necessary to answer, and
being in ignorance of the law requiring it to answer when it was
not indebted and had nothing belonging to the defendants, the pe-
titioner failed to answer in the city court; that at the date of the
service of the summons of garnishment it had no money, prop-
erty, goods, or effects of the defendant in its hands; that no prop-
erty, money, goods, or effects of the defendants came into its
hands from the date of the service of said summons up to the
date of "this its answer thereto;" that it did not owe defendants
any money at the date of the service of the summons, and had
not become indebted to them in any amount from the date of the
service up to this date; that it would be a great hardship and con-

trary to justice and equity to compel the petitioner to pay the judgment; that it failed to answer the garnishment from sheer ignorance of the law and of its duty, and relying on the promise of Motes, and in ignorance of the fact that any garnishment was pending in the city court; and that it did not hear of the case from the time the summons was served on it until after the judgment against it had been taken. It tendered this as its answer to the garnishment. The petition was verified by John T. Moore, October 5, 1903, and was filed the same day. On October 17, 1903, the plaintiff filed a demurrer to the petition. On the same day the petitoner filed an amendment to the petition, and alleged therein, as additional grounds for setting aside the judgment, that the return of the officer did not show that the garnishment was served on one who was the agent in charge of the office or business of the company; "that the said summons . . was not served upon the proper officer of your petitioner, because the same was served upon the secretary and treasurer of said company and not upon its president, nor upon the other and proper officer;" and that the name of the garnishee is "The Bibb Brick Company," and not "Bibb Brick Company." The amendment was verified by J. N. Neel, whose agency does not appear. The court sustained the petition, and ordered that the judgment against the garnishee be set aside, and that it have leave to file its answer to the garnishment. The plaintiff excepted.

*Ross & Grace*, for plaintiff in error, cited Civil Code, § 3978 ; *Ga. Rep.* 103/564; 108/249; 110/656; 62/350; 82/605; 97/747; 111/722; 32/115 ; 43 Fed. 181; 18 Enc. Pl. & Pr. 916–18, 927, 965, 968.

*Minter Wimberly* and *Jesse C. Harris*, contra, cited Civil Code, § 4710; *Ga. Rep.* 113/160 ; 99/623 ; 90/42; 103/564; 117/521; 66/300; 82/607; 50/575 ; 108/249.

LAMAR, J.    A summons of garnishment directed to the Bibb Brick Company was served, August 23, 1902, the return of the officer showing that he had served the summons on "Bibb Brick Co. by handing the same to John T. Moore, its secretary and treasurer." No answer was filed at the December term, 1902, of the city court of Macon. After judgment against the defendant reciting that "summons of garnishment . . was duly issued and served_

upon the Bibb Brick Company as garnishee," and that no answer had been filed, the court, on September 15, 1903, entered judgment against the Brick Company by default. This was during the fourth term and more than a' year after the service of the garnishment. The motion to set this judgment aside is verified by Moore, and does not deny that he was in charge of the office or 'of the business of the company in the county. The original motion conceded the service and offered to answer instanter, and therefore asked to have the default opened because of the hardship, and because the company had acted in ignorance of the law. Even the amended motion fails to allege that Moore was not in charge, though it was therein contended that the service ought to have been on the president or other proper officer, without showing who was the proper officer, or alleging that the president was in the county at the time of the service. Not only is there no attack upon the validity of the service, but the movant treats it as valid, and asks to have the default opened, and for a hearing on the answer. The judgment on the motion also treats the service as valid, and allows the garnishee to answer. We are therefore to deal with a case in which the return of the officer, who had made good service, was incomplete and defective in its failure to allege that Moore, "secretary and treasurer," was "in charge of the office or business" of the garnishee at the time the summons was handed to him in person.

1–7. Process and service are essential. But the return, being only evidence of what the officer has done in serving the writ, is not jurisdictional. Still it is manifest that a court ought not to proceed without having a legal return of record to show that its process had been actually served and that it had acquired jurisdiction over the person of the defendant. If there is an entire absence of a return, or if the return made is void because showing service upon the wrong person, or at a time, place, or in a manner not provided by law, the court can not proceed. *Callaway* v. *Douglasville College*, 99 *Ga.* 623. If, however, the fact of service appears, and the officer's return is irregular or incomplete, it should not be treated as no evidence, but rather as furnishing defective proof of the fact of service. The irregularity may be cured by an amendment which does not make or state a new fact, but merely supplies an omission in the statement as to an existing fact.

Where there has been valid service and no return, the deficiency may be supplied before taking further steps in the cause. If there has been service and a voidable or defective return, it may be amended even after judgment, so as to save that which has been done under service valid in fact but incompletely reported to the court. For in its last analysis it is the fact of the service, rather than the proof thereon by the return, which is of vital importance. Ordinarily service is either good or bad. But process and return existing in writing may vary between void, voidable, and perfect. If either is void, the judgment predicated solely thereon is a nullity. Where process and return are not void, some classes of defects therein are cured by judgment. For many things are sufficient to prevent a judgment from being rendered' which would be insufficient to set aside a judgment actually rendered. Hence the Civil Code, § 5365, declares that "a judgment can not be arrested or set aside for any defect in the pleadings or *record* that is aided by verdict, or amendable as matter of form." This right to amend a "return" so as to make it conform to the facts is allowed on general principles and by our statute. If the officer is in commission and liable on his bond, he may make this amendment voluntarily. Civil Code, § 5116. If he is dead or out of commission, or refuses to make the return which the facts require, then the amendment may be ordered by the court nunc pro tunc. Civil Code, § 5117. See also Civil Code, §§ 5125, 5109 ; *Telford* v. *Coggins*, 76 *Ga.* 683 (1) and (2) ; *Mayer* v. *Chattahoochee Bank*, 46 *Ga.* 606 ; *W. & A. R. Co.* v. *Pitts*, 79 *Ga.* 534. In *Miller* v. *Brooks*, 120 *Ga.* 232, the court, it is true, refused to allow a levy to be amended. But there the tax execution was not a writ of the court in which the motion to amend was made, since it issued from the office of the tax-collector of the county. The right to order entries nunc pro tunc, under the Civil Code, § 5117, does not apply to writs issued out of and returned to another and different tribunal. And whatever might be the power of a court of equity, in direct proceedings to which all persons concerned are parties, to reform the instrument or cure the defect, or to require such amendment, it is certainly true that the superior court of Chatham county could not, during the progress of an independent cause, amend, on motion, by an order nunc pro tunc, a fi. fa. issued by the tax-collector and levied by an officer who was then dead.

This right to amend returns applies to garnishment and attachment cases when there has been in fact lawful service of summons of garnishment, but a defective or incomplete entry by the officer. *Mayer* v. *Chat. Bk.*, 46 *Ga.* 606; Fee *v.* Kansas City R., 58 Mo. App. 90.   See especially Hinckley *v.* St. Anthony Falls Co., 9 Minn. 56, where the omission to state in the return that service was on the "managing" agent was allowed to be cured by amendment after judgment by default against the garnishee.   There are some cases apparently contra, but on examination it will be found that the objection was before verdict, on appeal, on error to the default, or in a direct attack on the judgment, where the evidence showed that the service was in fact void because the agent was not one named in the statute.   Compare Haley *v.* Hannibal R. R., 80 Mo. 112; Tompkins *v.* Schmidt, 16 S. W. Rep. 174; and note in 21 Am. St. Rep. 56.   Nor are the decisions construing Civil Code, §§ 1901, 4710, in conflict with what has been above stated. They can all be reconciled by noting whether in the particular case the process was valid or void; whether the return was void or only defective; whether the issue was raised before or after judgment, and whether on the hearing the evidence or pleadings showed that the service was good or bad.   In *Callaway* v. *Douglasville College*, 99 *Ga.* 623, the return was attacked and amended before verdict.   In *Brunswick Co.* v. *Bingham*, 107 *Ga.* 270, there was a direct attack on the default judgment, with allegation and proof that the defendant had never received any notice of the suit, and had never been served.   In *Hargis* v. *E. T., Va. & Ga. R. Co.*, 90 *Ga.* 42, the return was attacked before judgment; there was no offer to amend, and no proof that the agent was in charge, or that service upon him would have bound the company.   The court therefore properly declined to enter judgment against the garnishee.   In *Southern Ry. Co.* v. *Hagan*, 103 *Ga.* 564, the original record shows that the process was void, and the garnishee attacked the judgment not on the ground that the return was defective but because it had never been served with a summons of garnishment.   But none of these cases determine what would have been the effect of valid process and perfect service, with an incomplete or defective return where the judgment rendered thereon was attacked and the motion to set aside and evidence thereunder showed valid service in fact.   Such was

the case of *Third National Bank* v. *McCullough*, 108 *Ga.* 249, where the service was perfect, but the return failed to recite that Hawkins, president, was in charge; and yet the judgment against the garnishee by default was allowed to stand, there being no allegation in the attack thereon that Hawkins was not in fact the agent of the bank, in charge of its affairs in the county.    In support of this ruling the court cited *Sou. Ex. Co.* v. *Skipper*, 85 *Ga.* 565, determined under a statute where service upon an agent was only allowed when the president of the garnishee company resided out of the State.    The return was silent as to the residence of the president, and yet after service upon the local agent alone the default judgment was held sufficient, the court saying that "in rendering judgment based on the service its sufficiency was adjudicated at least in an incidental way."    The same principle was involved in *Holbrook* v. *Evansville Co.*, 114 *Ga.* 2, where the return did not follow the language of the statute, and was therefore not perfect in its verbiage.

Under the authorities, therefore, it is evident that the defective return might have been amended to conform to the facts, and that such amendment when made would have related back so as to make the record complete and the judgment perfect.    But it may be claimed that here the defect was never cured, since no amendment was ever made.    None was necessary.    Whatever may be the rule in ordinary cases, both the allegations and the silence of this motion make it certain that the garnishee had been duly served. The presumption in favor of the validity of judgments and all the analogies of the law tend to sustain the proposition that a judgment once rendered can only be successfully attacked by proof that it is void.    This proof sometimes appears from facts on the face of the record, or from the failure of certain other facts to appear in the record.    *Shands* v. *Howell*, 28 *Ga.* 226 ; *Hobby* v. *Bunch*, 83 *Ga.* 12, bot.    And in many cases arising on affidavits of illegality it has been held necessary not only for the defendant to show affirmatively that he has not been served but that he has not waived service by appearance, pleading, or otherwise.    *Cobb* v. *Pitman*, 49 *Ga.* 578 ; *LeMaster* v. *Orr*, 101 *Ga.* 762 (1) ; *Reed* v. *Jordan*, 56 *Ga.* 282.    Even the amended motion which for the first time made the attack on the officer's return was fatally defective, because, under the rule requiring pleadings to be strictly

construed against the pleader, its silence on the subject must be treated as an admission that Moore was an agent in charge.

8–10. But if the judgment by default had been set aside, it could not have changed the fact that the garnishee was in default as to filing its answer at the first term, as required by the Civil Code, § 4709. The court would simply have progressed in a circle, set aside one judgment by default solely for the purpose of entering another. Mere forgetfulness or ignorance of law furnished no sufficient excuse for the garnishee's failure to answer, nor would it have justified the court in allowing the garnishee to make an answer to a summons of garnishment served four terms prior to the judgment by default. Motions like this must show a meritorious defense, and a right to make it at the time it is filed. But, evidently enforcing by analogy the rule in Civil Code, § 5072, as to opening defaults, the court held that after the second term, where no sufficient reason appears for allowing the garnishee to file its answer after default, it "does not seem to be a matter even in the discretion of the court." *O'Neill Co.* v. *Ahrens Co.*, 110 *Ga.* 659. "Without some cause assigned or some reason or explanation given, the court has no discretion to allow the garnishee time to file his answer." *Bearden* v. *Metropolitan Co.*, 82 *Ga.* 606.

The omission of the word "The" before "Bibb Brick Co." in the return of the officer was immaterial, or, if a defect at all, was a mere misnomer, and, like any other irregularity in the record was cured by judgment.

The case may be a hard one for the garnishee, but it was due solely to its failure to answer, and is of a character liable constantly to occur under the practice which does not require the garnishee to be served with rule nisi before final judgment.

*Judgment reversed. All the Justices concur.*