1003. SOUTHERN EXPRESS COMPANY *v.* NATIONAL BANK OF TIFTON.

1. The omission to state, in the return of service of a summons of garnishment, that the agent of the corporation served was the "agent in charge of the office or business of the corporation in the county" can be cured by an amendment made by the officer who made the service and return.

2. A return of service of summons of garnishment can be amended by the officer who made the return, by stating his official character in making the service.

3. "In its last analysis it is the fact of service, rather than the proof thereof by the return, which is of vital importance." Any amendment of the return which makes it speak the truth can be made; and when so amended, it relates back to the date of service, and is to be considered the initial return.

4. Where the return of the officer, after amendment, shows legal service, it can only be attacked by a traverse filed thereto, to which the officer making the entry is a necessary party.

Illegality, from city court of Tifton—Judge Eve. January 16, 1908.

Submitted March 13,—Decided June 18, 1908.

*George E. Simpson, McDaniel, Alston & Black,* for plaintiff in error. *Smith & Foy,* contra.

HILL, C. J. The National Bank of Tifton, in a suit against T. M. Mangham, had summons of garnishment issued against the Southern Express Company. The return of service of the summons of garnishment was as follows: "I have this day served the Southern Express Company with a summons of garnishment, based upon the within affidavit and bond, by handing same to T. M. Mangham, agent of said company, at Tifton, Tift Co., Ga. This August 1, 1907. J. O. Thrasher, City Court Bailiff." On November 11, 1907, a default judgment was rendered against the Southern Express Company, garnishee, by the city court of Tifton.

On this judgment an execution was issued, and it was levied upon certain personal property; to which levy the Express Company filed its affidavit of illegality, upon the ground that "it never had its day in court, was never served with any process or other notice of the pendency of the suit whereon said execution issued and is based, nor did it waive service, nor did it appear in and defend said suit." When the case was called, the court allowed, over the objection of the Southern Express Company, the following amendment to the original entry of service of the summons of garnishment purporting to have been made on that company: "Now, at this term of said court, comes J. O. Thrasher, the officer of said court who served the summons of garnishment in said case, and amends his entry of service of said summons, as follows: By inserting after the word 'company,' in the fourth line of said entry, the following: In charge of the office of said Southern Express Company, at Tifton, said Tift County, Georgia. [Signed] J. O. Thrasher, Constable." After this amendment was allowed, the court dismissed the illegality filed by the Southern Express Company. Error is assigned on the judgment allowing the officer to amend his entry of service in the respect stated, and on the judgment dismissing the illegality.

It is insisted by the plaintiff in error that the service of the summons of garnishment was void, (1) because it was not served by an officer who had the authority to serve it, and, therefore, the service was a nullity; (2) because the return of service was not made in the manner required by law; the officer signed the return as city-court bailiff, and such officer had no authority to make such a return; and (3) because the return was insufficient to justify the judgment against the garnishee, for the reason that the person upon whom the service was made was not described as an agent in charge of the office or business of the garnishee corporation, in the county of the defendant or in the district where the cause was pending, at the time of service. We think the court did not err in allowing the officer to make the amendment of the return of service by him of the summons of garnishment, so as to make the defective return conform to the facts. Civil Code, § 5116; *Jones v. Bibb Brick Co.,* 120 *Ga.* 321 (48 S. E. 25). It is immaterial to decide the question made as to the authority of the city-court bailiff to serve a summons of garnishment. Bailiffs of county

courts are by law authorized to serve all writs and processes issued by the court of which they are bailiffs, and we see no reason why bailiffs of the city court should not have the same authority. Civil Code, § 4190. But in this case, when the entry of the return of service was amended, it appeared that the service of the summons of garnishment had been properly made upon the garnishee by a constable; and it is conceded that constables have authority to make such service. It is the fact of service, and not the return made by the officer, which gives the court jurisdiction of a party. If, therefore, when the service of the summons of garnishment was made by the officer, he was in fact a constable, and not a bailiff, or if he was both constable and bailiff, which is frequently the case, such service was valid, although he signed the return of service as having been made by him as bailiff of the city court. The amendment which was allowed to this return not only designated the agent of the company who was served with the summons, so as to make it conform to the requirements of section 4710 of the Civil Code, but it also amended the return by designating the official character of the officer who had made such service. The entry of the return as amended showed legal process, and this entry was not traversed by the garnishee, and it must therefore be accepted as the truth.

The plaintiff in error contends that after the return had been amended, service upon the garnishee should have been considered as having been made as of that date, and that therefore the garnishee should have had the time the statute allowed in which to answer the summons; in other words, that the judgment entered against it by default should have been set aside by the court as having been improvidently entered, when there had been in fact no legal service upon the garnishee. But it is apparent that service of the summons of garnishment had in fact been made upon the garnishee at the date of the original return, and that this return was defective only in the manner cured by the amendment; and, according to the decision of the Supreme Court in the case of *Jones* v. *Bibb Brick Co.,* supra, the defective return, when properly amended to conform to the facts, "related back so as to make the record complete and the judgment perfect."

We therefore conclude, that the judgment of the court in allowing the amendment to be made to the return, in order that it

might state the truth, was right, and that, after such amendment had been allowed, the return as amended could not have been attacked by the garnishee, except by traversing the truth of such entry and making the officer a party. This not having been done, the judgment dismissing the affidavit of illegality necessarily followed.                                          *Judgment affirmed.*