### 4776.  SEABOARD AIR-LINE RAILWAY *v.* DAVIS.

Where, in a suit against a corporation, the officer's return of service shows that the corporation has been served, it is permissible to amend the return so as to show that service upon the corporation was perfected by handing a copy to a named person as its agent in charge of its office and business in the county where the suit was brought.

DECIDED JUNE 25, 1913.

Certiorari; from McIntosh superior court—Judge Sheppard. January 25, 1913.

*Anderson, Cann & Cann, C. N. Fiedelson,* for plaintiff in error. *C. M. Tyson,* contra.

POTTLE, J.  Suit was brought in a justice's court against the Seaboard Air-Line Railway, and the officer's return of service was as follows: "I have this day served a copy of the within summons upon the S. A. L. Ry. Co., Mch. 20-12. Louis Bailey, Constable." The defendant failed to appear, and a default judgment was entered in favor of the plaintiff. To the levy of the execution the defendant filed an illegality, setting up that the judgment was void for want of a legal return of service. On motion of the plaintiff the constable was allowed to amend his return of service, by stating that he had served the defendant, "by handing a copy of the within summons to R. E. Yoemans, its agent at Darien Junction." The record shows merely that the return was amended by showing the manner of service, but counsel for both sides state in their briefs that the amendment was in the language above quoted. It will therefore be so dealt with. The defendant's petition for certiorari was overruled and it excepted.

The return of the officer is but evidence of service. It is the fact of service that gives the court jurisdiction of the defendant, and not the entry of the officer. It is, of course, necessary, before the court can proceed, to have before it evidence of service. But the return of service itself is not jurisdictional. If there is an entire absence of a return or, if the return as made is void because showing service upon the wrong person or at a time and place or in a manner not provided by law, the court can not proceed. If,

however, the fact of service appears, but the officer's return is irregular or incomplete, it should not be treated as no service, but should be regarded rather as furnishing defective proof of the fact of service. *Jones* v. *Bibb Brick Co.,* 120 *Ga.* 321 (48 S. E. 25). The return of service was defective in the present case, because the return failed to set forth the mode of service. Civil Code, § 2258. If the return shows service upon the wrong person, the court has no authority to enter judgment by default. *News Printing Co.* v. *Brunswick Pub. Co.,* 113 *Ga.* 160 (38 S. E. 333). Such a return is not merely defective or irregular; it is absolutely void as to the defendant, and constitutes no evidence of service. An irregular return may be amended so as to set forth the real truth in reference to the service actually made. Civil Code, § 5700. Such an amendment may be made on the trial of an illegality in which the sufficiency of the service is attacked. *Marsh* v. *Phillips,* 77 *Ga.* 436.

In the present case the officer's return was not void, but merely irregular. The law required service to be made upon the Seaboard Air-Line Railway. The officer's return shows that he served the Seaboard Air-Line Railway. The only question was whether he had served the corporation in the manner required by law; that is, by service upon an agent in the county, having charge of its business. If the officer had said in his return that he served the defendant by handing a copy to a named person as agent, the return could have been amended so as to show that this agent was in charge of the corporation's business in the county. *Southern Express Co.* v. *National Bank of Tifton,* 4 *Ga. App.* 399 (61 S. E. 857). And so, where the officer's return shows service of some sort upon the corporation, it may be amended so as to show that service was perfected in the manner required by law.

*Judgment affirmed.*