## 8019. Pace *v.* Tarver, sheriff.

Broyles, P. J.   1. This was a money rule by W. W. Pace against a
sheriff, and the traverse to the answer of the sheriff raised no issue
of fact, and accordingly there was nothing to be submitted to a jury,
as provided by Civil Code (1910), § 5347. The only issue raised by
the traverse was one of law, as to whether the levy by the sheriff
of the attachment fi. fa. of the Americus Grocery Company was legal,
and, under the facts of the case, the court did not err in striking the
traverse as being insufficient in law.

(a) That part of the traverse which specifically denied the sheriff's en-
try of levy of the attachment fi. fa. of the Americus Grocery Company
was in reality a traverse to the entry, and should have been made at
the first term after the notice of such entry, and moreover it could
not have been made then by any one except the defendant in the at-
tachment proceedings, who was Chris Baker, and not the plaintiff in
error. Civil Code (1910), § 5566. *Lamb* v. *Dozier*, 55 *Ga.* 677; *Griffith*
v. *Shipp*, 49 *Ga.* 231; *Evans* v. *Smith*, 101 *Ga.* 86 (28 S. E. 617);
*Rawlings* v. *Brown*, 15 *Ga. App.* 162 (82 S. E. 803); *Turpie* v. *Cox*, 18
*Ga. App.* 424 (89 S. E. 492).

2. After the traverse of the answer of the sheriff was stricken, the court
did not err in entering up judgment directing the distribution of the
fund in the hands of the sheriff as prayed for in his answer.

3. It does not appear from the record that the sheriff's answer to the rule
issued against him was verified. This omission, however, was an
amendable defect, and, it not appearing that this point was made at
the trial, the plaintiff in error will be held to have waived the irregu-
larity. *Kelly* v. *Murphy*, 135 *Ga.* 515 (69 S. E. 826); *Black* v. *Weaver*,
7 *Ga. App.* 507 (67 S. E. 389).

*Judgment affirmed. Jenkins and Bloodworth, JJ., concur.*
Decided April 5, 1917. Rehearing denied April 24, 1917.

Money rule; from city court of Albany—Judge Clayton Jones.
November 16, 1916.

*L. L. Ford, Pottle & Hofmayer,* for plaintiff.

*W. H. Burt, Peacock & Gardner,* for defendant.