8768. ROME OIL & FERTILIZER CO. *v.* STANSELL *et al.*

1. Under previous adjudication in this State, there was no merit in the ground of alleged illegality of execution, taken by a garnishee, that the suit against the main debtor was upon an unconditional contract in writing, that neither party to it demanded a trial by jury, and that the judgment therein was void as having been entered upon a verdict, when it should have been rendered by the court without a jury.

2. The facts of this case do not admit of the application of the general rule that a defective and incomplete return of service of a summons of garnishment is subject to traverse by the garnishee and a jury trial of the issue thus raised where (after the rendition of judgment against the garnishee, the issuance of execution, and the filing of an affidavit of illegality) the return of service is so amended nunc pro tunc as to cure the defect.

DECIDED NOVEMBER 2, 1917.

Affidavit of illegality of execution; from city court of Floyd county—Judge Nunnally. March 31, 1917.

*Harris & Harris,* for plaintiff in error.

*McHenry & Porter,* contra.

BROYLES, P. J.  1.  "A judgment against a garnishee, duly entered, is as to him. conclusive of the proposition that the plaintiff had already obtained a valid judgment against the main debtor whose effects were sought to be reached by the garnishment proceeding." *Holbrook* v. *Evansville & Terre Haute Ry. Co.,* 114 *Ga.* 1 (2) (39 S. E. 937). Under this ruling there was no merit in the first ground of the affidavit of illegality.

2.  Ordinarily, where the return as to service of summons of garnishment is defective and incomplete, and where, after judgment has been rendered against the garnishee and an execution has been issued thereon, to which an affidavit of illegality has been filed, the return is by leave of the court amended nunc pro tunc, so as to cure the defect, the garnishee has the right to traverse the return and to have the issue passed upon by a jury, although there has been no previous traverse of the defective return. *Jones* v. *Bibb Brick Co.,* 120 *Ga.* 321 (48 S. E. 25) ; *Southern Express Co.* v. *National Bank,* 4 *Ga. App.* 399 (4) (61 S. E. 857). However, under the particular facts of this case, the rule just stated does not apply. The ground of the affidavit of illegality (the second ground) as to the defective service was in substance as follows: that the return of service of the summons of garnishment,— to wit, "I have this day served the Rome Oil & Fertilizer Company with summons of garnishment, by serving John Glover, treasurer and manager of said company, in person, at 1:50 p. m. September 22, 1913.  J. B. Dunn, L. C.,"—was void, and therefore was no basis for a valid judgment against the garnishee. It further appears, however, from the record that on August 14, 1916, a levy was made on the property of the garnishee, and that to this levy John Glover, treasurer and manager of the garnishee company, as agent of the corporation, interposed the above-mentioned affidavit of illegality. In this affidavit Glover did not deny that the summons of garnishment had been served on him on September 22, 1913 (as the entry of the officer shows) ; nor that he was the treasurer and manager of the garnishee; nor that he was the agent in charge of the office and business of the garnishee company; nor did he then ask that the officer be made a party to the proceedings; nor did he then traverse the return of the officer. On the contrary, he allowed the first term of the court, to which the affidavit of illegality was returnable, to pass without traversing the return; and in the second ground of the affidavit the only rea-

son assigned why the fi. fa. was proceeding illegally was that the return of service failed to state that the summons was served upon the officer or agent in charge of the office and place of business of the garnishee company at Rome, Floyd county, Georgia.

The original return of the officer was imperfect and incomplete, but was not void. It was amendable, even after judgment, and, when so amended, related back to the date of the original service. Park's Ann. Code, §§ 5700, 5701; *Jones* v. *Bibb Brick Co.,* and *Southern Express Co.* v. *National Bank,* supra; *Seaboard Air-Line Ry.* v. *Davis,* 13 *Ga. App.* 14 (78 S. E. 687). On March 12, 1917, the return was properly amended without objection. Thereupon the garnishee offered a traverse to the return as amended. This traverse was made by Glover, the same officer of the garnishee company who had been originally served. In his affidavit to the traverse, filed March 12, 1917, Glover swore that he was the manager and treasurer of the garnishee company, and that he was also the officer and agent in charge of the office and place of business of the company in Floyd county, Georgia. It further appears, from the order of the court allowing the amendment to the return of the officer, that there was submitted to the court evidence which showed that Glover was the agent in charge of the office and place of business of the garnishee company at Rome, Floyd county, Georgia, at 1:50 p. m. on September 22, 1913. Under such circumstances the court did not err in declining to make the serving officer a party to the proceedings, or in dismissing the traverse, or in ordering that the fi. fa. proceed.

*Judgment affirmed. Bloodworth and Harwell, JJ., concur.*