12319. · AMERICAN RAILWAY EXPRESS COMPANY *v.* REVILLE.

STEPHENS, J.   1.   While it is true that the person named in the entry of service upon an affidavit and bond for garnishment as the person upon whom the summons of garnishment was served is presumably the person to whom the summons of garnishment was directed, yet where such entry shows that the summons was served upon an individual named who is described in the entry of service as " agent in charge of the office of said county for " a named corporation, and who happens to be the proper person with whom to leave the summons of garnishment directed to the named corporation when perfecting service upon the corporation, the entry of service is amendable to show that service of the summons of garnishment was perfected upon the named corporation by serving the summons personally upon the named individual, describing him in the amended return as " agent in charge of the office for said county for " the named corporation, thereby showing, presumably, that the summons of garnishment was directed to the named corporation and not to the individual.  See, in this connection, *Southern Express Co.* v. *National Bank of Tifton*, 4 *Ga. App.* 399 (61 S. E. 857) ; *Burnett* v. *Central of Ga. Ry. Co.*, 117 *Ga.* 521 (43 S. E. 854, 97 Am. St. Rep. 175) ; *Jones* v. *Bibb Brick Co.*, 120 *Ga.* 321 (43 S. E. 25) ; *Phillips* v. *Bond*, 132 *Ga.* 413, 421 (64 S. E. 456).

2. Where a judgment by default had been rendered against a named corporation as garnishee, for failure of the corporation to make answer to the summons of garnishment, it was not error, in the absence of any traverse to the amended return, or of any evidence sustaining a traverse to it by the corporation, which had moved to set aside the judgment upon the ground that the movant had never been served with the summons of garnishment, to permit the officer who made the original entry of service to amend the return so as to make it show that the summons of garnishment was served upon the corporation by serving personally the individual named in the original return as " agent in charge of the office for said county for " the named corporation.

3. In such a case the amended return related back to the time of the original entry;  and the corporation, as garnishee, not having made answer to the summons of garnishment within the required time, was in default, and could not, after the allowance of the officer's amendment to his original return, be allowed to make answer to the summons.

4. The trial court did not err in permitting the amendment to the return of service, or in refusing to allow the corporation to make answer to the summons of garnishment, and did not err in overruling the motion for the corporation to set aside the judgment rendered against it.

*Judgment affirmed.   Jenkins, P. J., concurs.   Hill, J., absent on account of illness.*

DECIDED FEBRUARY 22, 1922.

Garnishment; from city court of Athens — Judge Bradwell. February 15, 1921.

*George C. Thomas, John J. Strickland, R. C. Alston,* for plaintiff in error.

*Cobb, Bell & Cobb,* contra.