13557. McDUFFIE OIL & FERTILIZER CO. *v.* ILER, adm'x.

LUKE, J. 1. In all cases where there has been good service by the proper officer, but an irregular or incomplete return, the defect may be cured by an entry making the return conform to the facts.

(a) The issue here presented is upon the court's refusal to allow the officer serving the petition and process to amend his return of serivce so that it would conform to the facts. The court erred in disallowing the proffered amendment. See *Jones* v. *Bibb Brick Co.*, 120 *Ga.* 321 (48 S. E. 25); *American Railway Express Co.* v. *Reville*, 28 *Ga. App.* 249 (111 S. E. 65).

(b) An irregular or incomplete entry of service should not be treated as showing no service, but should be regarded rather as defective proof of service. Such irregular return may be amended so as to set forth the real truth in reference to the service actually made. Civil Code (1910), § 5700; *Seaboard Air-Line Railway* v. *Davis*, 13 *Ga. App.* 14 (78 S. E. 687), and cases cited.

2. The petition in this case designated McDuffie Oil & Fertilizer Company as plaintiff, and Mrs. Gertrude Iler, administratrix of the estate of J. P. Jones, deceased, as defendant, it being alleged that she was duly

appointed such administratrix, and had given bond as required by law. The service of the petition and process when amended would have read as follows: " Georgia, Fulton County. I have this day served the defendant, Mrs. Gertrude Iler, administratrix, with a copy of the within petition and process by leaving same at her most notorious place of abode, with her husband, G. A. Iler. This Feb. 15, 1921. B. F. Byfield, Deputy sheriff." Such a return of the officer would have been evidence of good service. *Seaboard Air-Line Railway* v. *Davis*, supra; *Collins* v. *Camp*, 94 *Ga.* 460 (20 S. E. 356); *Barrett* v. *Block*, 25 *Ga.* 151. ·

3. The court having erroneously disallowed the amendment of service, everything occurring thereafter was nugatory, and it was error for the court to vacate and set aside the judgment rendered in the suit.

> *Judgment reversed. Broyles, C. J., and Bloodworth, J., concur.*
>
> DECIDED JULY 11, 1922.

Complaint; from Fulton superior court — Judge Pendleton. March 15, 1922.

*J. B. Burnside, J. Wightman Bowden,* for plaintiff.

*Garland M. Watkins, Guy Parker,* for defendant.