*Orrin Roberts,* for plaintiff in error.

*J. C. Knox, solicitor,* contra.

---

14401. McDUFFIE OIL & FERTILIZER CO. *v.* ILER, adm'x.

It was error to allow an amendment to the motion to set aside the default
judgment, and thereafter to vacate the judgment, under the facts of this
case.

DECIDED JULY 26, 1923.

Motion to vacate judgment; from Fulton superior court —
Judge E. D. Thomas. February 9, 1923.

*J. B. Burnside, J. Wightman Bowden,* for plaintiff.

*Park & Patterson,* for defendant.

LUKE, J. In this case — which was a suit upon a domestic bill
of exchange — a default judgment was rendered. The officer's
return of service was traversed, and a motion was made to set
aside the judgment, upon the sole ground that the defendant had
not been served with the suit. The trial court, after refusing to
allow an amendment to the officer's return of service, vacated the
judgment. On July 16, 1922, the judgment vacating the judg-
ment against the defendant was reversed by the Court of Appeals
(28 *Ga. App.* 734, 113 S. E. 52), this court holding that the trial
court erred in disallowing the amendment of service, and that
" everything occurring thereafter was nugatory." On August 9,
1922, an order was passed making the judgment of the Court of
Appeals the judgment of the trial court. On September 28, 1922,
the defendant filed an amendment to her original traverse and
motion to set aside the judgment, in which she denied the truth
of the entry of service of the deputy sheriff as made in his entry
as amended in compliance with the decision of this court. The
trial court issued a rule nisi, and upon the hearing (both parties
having agreed that the court should pass upon all issues of law
and fact without the intervention of a jury) the movant offered a
second amendment to her original motion, adding thereto a new
and distinct ground of attack upon the judgment, to wit: that the
contract sued upon was a conditional one, and that, therefore, the
trial court was without jurisdiction to render a judgment with-
out the verdict of a jury. The court decided against the traverse,

and at the same time passed an order sustaining the motion to set aside the judgment, upon the ground that the court was without jurisdiction to render the judgment without the verdict of a jury. To this ruling the plaintiff excepted.

1. Upon the second trial of the traverse, the court having decided, in conformity with the decision of the Court of Appeals in this case (28 *Ga. App.* 734, 113 S. E. 52), that there was good legal service, and that such service related back to the date entered by the officer in his original return, and that it " is to be considered the initial return," this left the defendant in default. *Southern Express Co.* v. *National Bank of Tifton,* 4 *Ga. App.* 399 (61 S. E. 857) ; *Jones* v. *Bibb Brick Co.,* 120 *Ga.* 321 (48 S. E. 25).

(*a*) The defendant being in default, and not having prayed within thirty days to have the default opened, it was then too late for her to make any plea to the merits, or any other plea which she might have made had she been in court.

(*b*) Admitting (but not deciding) that the trial court in this case had no authority to enter up judgment without a jury, this error merely rendered the judgment voidable (Civil Code of 1910, §§ 5957, 5960), and could not be made a ground of a motion to set aside the judgment. The proper method to correct such an error was by a direct bill of exceptions. See *Georgia Railroad & Banking Co.* v. *Pendleton,* 87 *Ga.* 751 (13 S. E. 822), and cases cited; *Crow* v. *American Mortgage Co.,* 92 *Ga.* 815 (1), 817 (19 S. E. 31) ; *Koch* v. *Brockhan,* 111 *Ga.* 341 (36 S. E. 695) ; *Bush* v. *Bank of Thomasville,* 111 *Ga.* 666 (36 S. E. 900).

(*c*) Moreover, even if it be conceded that the defendant had the right, on motion to set aside the judgment, to call into question the exercise of jurisdiction, which the court clearly had of both the parties and the subject-matter, it was her duty to do so at her earliest opportunity, by a cross-bill of exceptions when the case was first heard by the Court of Appeals, and thus save the reviewing court a second consideration of the same case, the jurisdiction of which she admitted by not making a timely objection in the trial court.

2. Under the above rulings and the facts of the case, it was error for the court, at a subsequent term of the court, and after the remittitur from the Court of Appeals had been made the judg-

ment of the trial court, to allow an amendment to the original motion, and thereafter to vacate the default judgment.

*Judgment reversed. Broyles, C. J., and Bloodworth, J., concur.*