14583. TENNESSEE CHEMICAL CO. *v.* HARPER *et al.*

1. The motion to dismiss the writ of error is denied.
2. In all cases where there has been good service of a petition and process, but an irregular and incomplete return thereof, the defect may be cured by an amendment making the entry conform to the facts.
3. "Where the record shows a return of service prima facie valid, and the defendant discovers the existence of the return prior to judgment, the objection of lack of service can be made only by plea in abatement accompanied by a traverse of the official return."
(*a*) "Such a plea, being dilatory in its nature, should be verified."
(*b*) The plea and traverse in this case were not properly verified.

DECIDED OCTOBER 3, 1923.

Complaint; from city court of Americus — Judge Harper. June 27, 1922.

Suit was brought against R. H. Harper and H. L. Harper as joint makers of promissory notes. H. L. Harper filed a plea, alleging that "the debt and contract sued upon is the individual debt of this defendant." As no plea was filed by R. H. Harper, and as the plea filed by H. L. Harper admitted that he was liable on the notes sued on, the plaintiff asked for a judgment against both defendants. Thereupon R. L. Maynard, an attorney, announced that he represented R. H. Harper, and "objected to a judgment being taken against R. H. Harper, stating that there was no entry of service as to R. H. Harper." The bill of exceptions states: "An inspection of the record disclosed an entry of service entered by the sheriff as to R. H. Harper. Whereupon R. L. Maynard announced that he wished time to draw and file a traverse as to the entry of service as to R. H. Harper, which time was granted by the court, provided it be done at that time, and Judge Maynard proceeded to do some writing. In a few minutes said counsel announced that he found it would be necessary for him to have the traverse sworn to by his client, and stated that his client was in East St. Louis, Ill., and he wished time to get him in court to make the affidavit, which was denied upon objection of counsel for the plaintiff. Whereupon counsel for R. H. Harper gathered up plaintiff's petition and urged orally a general demurrer to said suit. After hearing this demurrer the court overruled same, and Judge Maynard, counsel for R. H. Harper asked the court for time to prepare a further defense, and, over objection of counsel for plaintiff, same was granted. Whereupon counsel for R. H. Harper took the position that the entry of service upon the original petition showed no service on R. H. Harper, since it purported to have served R. H. Harper ' at his most notorious place.' After considerable discussion on this matter plaintiff's counsel moved that the sheriff be allowed to amend said entry so as to conform to his original entry in his service docket. Whereupon, this being allowed, the court permitted counsel for R. H. Harper to prepare and file said traverse. The said traverse was further objected to by plaintiff's attorney because same was not sworn to by defendant R. H. Harper, and because said Harper, by his attorney, having appeared and urged a general demurrer to the

petition of plaintiff, he could not offer a traverse to the entry of service. The court overruled this objection and allowed the traverse to be entered, a jury empaneled and sworn to try the issues made by this traverse, and allowed the issues to be tried. The jury, upon the trial of this issue, rendered a verdict in favor of the traverse, dated June 27th, 1922." The plaintiff filed a direct bill of exceptions, alleging that the court erred in several particulars. A consideration of two questions will dispose of the case.

J. E. D. Shipp, James W. Smith, for plaintiff.

R. L. Maynard, for defendants.

BLOODWORTH, J. (After stating the foregoing facts.)

1. The 1st headnote requires no elaboration.

2. Whether or not the appearance in court of R. H. Harper by his attorney, and the urging by said attorney of an oral general demurrer to the petition, would be a waiver of service need not be determined, as the record shows that the sheriff made a return in which he stated that he had served the defendant R. H. Harper by leaving a copy of the writ and process " at his most notorious place." This return was incomplete, in that the words " of abode," which should have followed the words " most notorious place," were left off. Upon motion of counsel for the plaintiff, the court allowed this entry to be corrected so that it would show that the defendant R. H. Harper was served with a copy of the writ and process by leaving the same at " his most notorious place of abode." That the sheriff had the right so to amend his entry there can be no doubt. Civil Code (1910), § 5700. In Seaboard Air-Line Railway v. Davis, 13 Ga. App. 14 (78 S. E. 687), the officer's return of service was as follows: " I have this day served a copy of the within summons upon the S. A. L. Ry. Co., Mch. 20-12. Louis Bailey, Constable." On motion of the plaintiff the constable was allowed to amend this entry by stating that he had served the defendant " by handing a copy of the within summons to R. E. Yeomans, its agent at Darien Junction." In discussing this case Judge Pottle said (pp. 14, 15): " The return of the officer is but evidence of service. It is the fact of service that gives the court jurisdiction of the defendant, and not the entry of the officer. It is, of course, necessary, before the court can proceed, to have before it evidence of service. But the return of service itself is not jurisdictional. If there is an entire absence of a return, or if the

return as made is void because showing service upon the wrong person or at a time and place or in a manner not provided by law, the court can not proceed. If, however, the fact of service appears, but the officer's return is irregular or incomplete, it should not be treated as no service, but should be regarded rather as furnishing defective proof of the fact of service. *Jones* v. *Bibb Brick Co.,* 120 *Ga.* 321 (48 S. E. 25). The return of service was defective in the present case, because the return failed to set forth the mode of service. Civil Code, § 2258. . . An irregular return may be amended so as to set forth the real truth in reference to the service actually made. Civil Code, § 5700." In *McDuffie Oil & Fertilizer Co.* v. *Iler,* 28 *Ga. App.* 734 (113 S. E. 52), this court held: " In all cases where there has been good service by the proper officer, but an irregular or incomplete return, the defect may be cured by an entry making the return conform to the facts," and it was further held: " An irregular or incomplete entry of service should not be treated as showing no service, but should be regarded rather as defective proof of service. Such irregular return may be amended so as to set forth the real truth in reference to the service actually made. Civil Code (1910), § 5700; *Seaboard Air-Line Railway* v. *Davis,* 13 *Ga. App.* 14 (78 S. E. 687), and cases cited." See *Jones* v. *Bibb Brick Co.,* supra; *Beutell* v. *Oliver,* 89 *Ga.* 246 (3) (15 S. E. 307).

The entry of the sheriff in the case we are now considering shows service on the defendant. Section 2258 of the Civil Code of 1910 requires that " the officer specify the mode of service in his return." The amendment was made to comply with this requirement of the law and the facts of the case, as " It was admitted that the entry on the service [sheriff's?] docket was in accordance with the law, and therefore it was merely a clerical error."

3. With the amended return of the sheriff showing service on R. H. Harper in one of the methods provided by law, we now take up the question of the traverse of that return as amended. Section 5566 of the Civil Code of 1910 is as follows: " The entry of the sheriff or any officer of the court, or his deputy, may be traversed by the defendant at the first term after notice of such entry is had by him, and before pleading to the merits; but this shall not deprive the defendant of his right of action against the sheriff for a false return." Under the provisions of this law, who

can traverse the return of the sheriff? The defendant. What defendant? The one who alleges that as to him the sheriff has made a false return. The traverse must be sworn to by whom? The defendant. In this case who is this defendant? R. H. Harper. The Civil Code, § 4727, provides that " All dilatory pleas and pleas of non est factum must be *verified by an affidavit of the defendant* at the time of filing the same." (Italics ours.) In *Sirmans* v. *Folsom & Tillman Hdwe. Co.*, 18 *Ga. App.* 586 (89 S. E. 1103), this court said: " There is no provision of law under which a defendant can file a plea for a codefendant in a suit upon a promissory note. An agent or attorney at law may verify a plea when the defendant resides out of the county. Civil Code, § 5642." In the 1st headnote in that case it was said: " Where the suit was against two persons as joint makers of a promissory note, a plea by one of them in behalf of the other was not a plea of the latter." In *Van Dyke* v. *Besser*, 34 *Ga.* 268, the Supreme Court held: " An affidavit of illegality must be made by the party, his agent or attorney, against whom the execution may, at the time, be proceeding: it cannot be made by a co-defendant, in his own name, when the execution is not proceeding against him." See *Pace* v. *Tarver*, 19 *Ga. App.* 708 (1-*a*) (92 S. E. 227). It is true that section 5642 of the Civil Code of 1910 provides that agents and attorneys may swear to pleas " in all civil cases founded on unconditional contracts in writing where there is an issuable defense and where the defendant does not reside in the county in which suit is pending;" but the dilatory plea coupled with the traverse in this case was not " an issuable defense " to an action founded on an unconditional contract in writing. In construing the section just cited, in the case of *Colquitt* v. *Mercer*, 44 *Ga.* 432, the Supreme Court said: " Pleas in abatement, dilatory pleas, were not within the mischief (of the old law), nor are they covered by the words ' issuable defense.' The law as to them stands as it did before." " Was the plea to the jurisdiction properly filed? The Code, section 3410 [ Civil Code of 1910, § 5665], provides that such a plea must be pleaded in person, and, by section 3412 [Civil Code of 1910, § 5667], it must be sworn to. The implication is almost irresistible that the oath must be by the party, and such has, without doubt, always been the practice in this State." The 1st headnote in that case is as follows: " The act of 1869 [Civil Code of 1910, § 5642], au-

thorizing attorneys to make oath in setting up issuable defenses to suits founded on contract, does not alter sections 3410 and 3412 of the Code [sections 5665 and 5667 of the Civil Code of 1910], requiring pleas to the jurisdiction to be pleaded in person, and to be sworn to by the defendant." See *Akers* v. *High,* 122 *Ga.* 279 (2) (50 S. E. 105). We have already quoted from section 4727 of the Civil Code, showing that all dilatory pleas must be verified by the affidavit of the defendant. In the brief of the defendant in error he asks: " After an amendment to an entry of service by a sheriff so as to make the entry one of legal service, can the defendant then traverse said amended return by the sheriff? " We answer this question in the language of a decision of this court. In *Bell* v. *New Orleans &c. Ry. Co.,* 2 *Ga. App.* 812 (59 S. E. 102), this court held: " Where the record shows a return of service prima facie valid, and the defendant discovers the existence of the return prior to judgment, the objection of lack of service can be made only by plea in abatement, accompanied by a traverse of the official return. (*a*) Such a plea, being dilatory in its nature, should be verified." In the opinion in that case Judge Powell said: " When the record shows a valid return of service, and it is necessary to resort to extrinsic testimony to show that there has been no service, or that the service was for any reason invalid, the objection can be made only by plea in abatement (if before judgment), and in connection therewith the sheriff's return must be duly traversed. 19 Am. & Eng. Enc. Pl. & Pr. 707; Civil Code, § 4988 [Civil Code of 1910, § 5566]; *Livingston* v. *Marshall,* 82 *Ga.* 3. Being a dilatory plea it must be filed at the first term, at least at the first term after notice, and must be sworn to. Civil Code, §§ 4988, 5049, 5058 [Civil Code of 1910, §§ 5566, 5632, 5641]. Unless duly traversed, the return of the sheriff is conclusive." See *Ga. Ry. & Power Co.* v. *Davis,* 14 *Ga. App.* 790 (2), 792 (82 S. E. 387) ; *Producers Naval Stores Co.* v. *Brewton,* 19 *Ga. App.* 19, 20 (90 S. E. 735). Moreover, if an agent could act for his principal in filing and swearing to a dilatory plea and traverse of a return of a sheriff, it would be necessary for the pleading to show that he was acting as such agent, and that " the defendant does not reside in the county in which suit is pending." Civil Code (1910), § 5642; *Brent* v. *Mount,* 65 *Ga.* 92. In the case sub judice the plea and traverse is signed by R. L. Maynard and sworn to by H. L.

Harper, and it does not appear in what capacity either signed. Even though all the law herein referred to may not be directly applicable to the facts of this case, it is at least illustrative and persuasive.

When all the foregoing facts and principles are considered, we are convinced that as the traverse was not properly sworn to the court erred in allowing it entered, and all proceedings thereafter were nugatory.

*Judgment reversed. Broyles, C. J., and Luke, J., concur.*