FARMERS ELEVATOR CO., OF HUMBOLDT, Respondent, v. KAPAUN, et al (BANK OF HUMBOLDT, et al, Garnishees), Appellants.

(297 N. W. 678.)

(File No. 8435. Opinion filed April 29, 1941.)

Rehearing Denied July 12, 1941.

**Coon & Coon** and **Owen T. Lewis,** all of Sioux Falls, for Appellant.

**Charles E. Brewster** and **T. R. Johnson,** both of Sioux Falls, for Respondent.

WARREN, J.   This appeal is from an order denying an application upon an order to show cause based upon an affidavit in behalf of the Federal Deposit Insurance Corporation, receiver, setting forth and alleging that the record and judgment roll did not show that the garnishee summons and annexed affidavit were ever served on Jack Kapaun, defendant, and that the entry of said default judgment by reason of the failure to serve said garnishee summons and affidavit in garnishment on the principal defendant left the court without jurisdiction and that the default rendered was void, and that the judgment against the garnishee defendants should be set aside.   More of the facts will develop in the opinion as the various assignments are considered.

Garnishee proceedings are statutory, and the statutes in force at the time the proceedings were instituted and the service of the processes and papers which took place in December, 1935, must therefore govern.   The garnishee failed to make a disclosure as required by the existing statutes. The plaintiff did not for some time file any of the papers in the action, but waited until the 20th day of December, 1937, when an affidavit in default containing the usual recitals charging default of appearance, answer or demurrer was made and filed asking the circuit court to enter a judgment against the defendant.   The court thereupon entered a judgment which contained the usual recitals and statements pertaining as to the amount claimed, the service, and the fact that the defendant was in default.

On the same date plaintiff made application for a judgment against the garnishee.   An affidavit of default and

statement as to amount due including costs was presented to the circuit court showing that the garnishee defendants had failed to make disclosure and were in default thereof. An affidavit of service was presented without stating affirmatively that the affidavit and garnishee summons had been served on the defendant, but did contain the statement that service was made upon the garnishee defendants and named them. The circuit court entered a judgment against the garnishee defendants making the usual recitals that the summons had been personally served on the defendant, that the complaint had been filed and had been on file for more than 20 days in the clerk's office, and that a judgment had been theretofore rendered against the defendant in the sum of $1,319.23. The further recital that the affidavit of garnishment and the garnishment summons were served on the Bank of Humboldt; Bank of Humboldt, Clerk of Jack Kapaun Sale; and A. M. Stewart, trustee of Jack Kapaun Sale, and that the sum of one dollar ($1) had been paid and that Jack Kapaun had been personally served with both of said instruments.

There was no recital in the return before the court showing affirmatively that the garnishee summons and affidavit in garnishment had been served upon Jack Kapaun, the defendant, and in addition thereto, appellant charges that an examination of the record discloses no affidavit of service at all upon the defendant, Jack Kapaun.

In May, 1940, an application was made to the circuit court by the Federal Deposit Insurance Corporation who claimed that it was the receiver of the Bank of Humboldt, one of the garnishee defendants, for an order to show cause why an order should not be made declaring the judgment rendered by the court in the garnishment proceedings void and for the vacating and setting aside of the said judgment. Counter affidavits were filed, and upon hearing, the circuit court had before it the issue whether or not garnishee summons and annexed affidavit had been served upon the principal defendant, Jack Kapaun. The court recites in its order dated July 18, 1940, that there was evidence introduced, both orally and by affidavits, showing that such

service had been made which casts considerable light upon the matters involved. The order also contains further recitals as follows:

"* * * on about the 8th day of June, 1940, Charles E. Brewster, attorney for the Farmers Elevator Company of Humboldt, South Dakota, a corporation, plaintiff herein obtained an order out of this court returnable upon the 13th day of June, 1940, * * *, why an order should not be made and entered correcting the return of service on file in this action to conform with the affidavit of C. E. Brewster and the records herein, which application was heard and evidence introduced, both orally and by affidavit and all the records and files herein. The facts appearing as follows: that while the return of service on the Garnishee Summons and Affidavit, filed in the above entitled action, was defective in that through an oversight said return omitted the word 'Garnishee' before the word 'Summons' but that the garnishee summons and affidavit had in fact been served upon the principal defendant, Jack Kapaun, on the 19th day of December, 1935, and that the judgments against the Bank of Humboldt and the defendant had the jurisdictional requirements and that the Bank of Humboldt did not appear in any manner in this case but allowed a judgment to be taken by default against them and failed to make any appearance in any manner in this case even after notice of judgment had been sent to them, but on the hearing it was shown to the court that they had promised to take care of the judgments, but about nine months later the Bank closed and this is the first move by any party to open up these judgments, and the said Federal Deposit Insurance Corporation also having applied for a notice to vacate said judgments and for authority to answer on the merits, at this late date, now therefore, upon motion of Charles E. Brewster, attorney for the Farmers Elevator Company of Humboldt, South Dakota, a corporation, plaintiff herein, and upon all the files and records and proceedings herein, it is,

"Ordered, adjudged and decreed that the return of service on the garnishee summons herein shall be corrected to read as follows, by inserting the word 'Garnishee' before

the word 'Summons' in the return of service on file and the 'Affidavit in Garnishment' added thereafter and that the motion to vacate the judgment made by the defendant, The Federal Deposit Insurance Corporation hereby is in all things overruled and denied and that the motion of the Federal Deposit Insurance Corporation for authority to answer on the merits be, and the same is, denied.

"This order is based upon the following grounds:

"1.   That the garnishee summons was actually and timely served upon the defendant, together with the affidavit in garnishment on December 19, 1935.   That at said time such garnishee summons and affidavit in garnishment was also served on each garnishee defendant.

"2.   That the trial court acquired jurisdiction of the parties and subject matter through the aforesaid service. That if the return of such service is defective it is hereby corrected and amended to conform to the aforesaid facts and proof thereof.

"3.   That the application to vacate and answer on the merits does not conform to South Dakota Code 33.0108, not being made within one year after actual notice of entry of such judgment and no affidavit of merit on proposed answer."

Certain sections of our statutes relating to garnishment seem to indicate that the trial court had in mind that if the return was insufficient, that in no way affected the fact that there had been actual service upon the defendant Kapaun.   The trial court acquired jurisdiction through the proper service of the garnishee summons and garnishee affidavit and not through the return thereof.   Shenandoah Nat'l Bank v. Reininger, 58 S. D. 568, 237 N. W. 765.   While it is true that section 2457, R. C. 1919, now SDC 37.2805, and the amendment thereof provides upon whom the garnishee summons and annexed affidavit shall be served upon and recites that it shall be served:   "* * * Also on the defendant to the action in like manner, either before or within ten days after service on a garnishee. * * * Unless the garnishee summons is so served on the defendant or his attorney in accordance with the provisions of this section, the

service on the garnishee shall become void and of no effect from the beginning", we do not understand that the statute implies that the failure to make the proper return forthwith after the garnishee has been duly summoned must affirmatively appear by a return of service that the defendant has been served with a garnishee summons and annexed affidavit for the reason that the plaintiff may withhold his return of service until the time that he is advised of the garnishee's election to disclose as provided by statute or default in his disclosure as in the case at bar. Then and only then does the plaintiff have to prepare his return showing service if he desires to enter a default judgment against the garnishee, and this is in harmony with the fundamental theory that having once been served and given notice, the party so served cannot choose to remain idle and ignore the processes of a court of law commanding him to appear and protect himself except at his peril. Pitman v. Heumeier, 81 Neb. 338, 115 N. W. 1083.

It is urged by appellant that this section is mandatory and the affidavit of service in failing to show that service of the garnishee summons and annexed affidavit made the judgment void ab initio; that there was not sufficient showing in the return to confer jurisdiction of the parties; and that therefore the power to render and enter judgment was lacking. We turn now to 2462, R. C. 1919, which reads as follows: "If any garnishee, having been duly summoned, shall fail to serve his affidavit as required in the two preceding sections, the court may render judgment against him for the amount of any judgment, including costs, which the plaintiff shall recover in the principal action, together with the costs of such garnishee action."

It would appear that the garnishee has a statutory duty to perform and that they failed to conform to sections 2460 and 2461, R. C. 1919, now SDC 37.2811 and 37.2812, respectively, in making a disclosure. In failing to make the disclosure within the required time the respondent proceeded under section 2462, R. C. 1919, to enter up its default judgments. The trial court upon the hearing, as disclosed by a portion of its order set out earlier in this opinion, found

that there had been actual and timely service upon the defendant of the garnishee summons and annexed affidavit. The trial court was fully justified in permitting the respondent to amend to show that service had been made of the garnishee summons and affidavit annexed upon the defendant as it is the fact of the service that gives the court jurisdiction and not the sufficiency of the return, and the defect may be remedied by supplying the proof after the judgment has been entered. Shenandoah Nat'l. Bank v. Reininger, 58 S. D. 568, 237 N. W. 765; Bristol v. Brent, 36 Utah 108, 103 P. 1076, 140 Am. St. Rep. 804, 21 Ann. Cas. 1125; Jones v. Bibb Brick Co., 120 Ga. 321, 48 S. E. 25; Stockmen's Nat'l. Bank of Casper v. Calloway Shops, 41 Wyo. 232, 285 P. 146; Ramey et al. v. Francis, Day & Co., 169 Ky. 469, 184 S. W. 380; Hayes et al. v. American Bankers' Ins. Co., 46 Ga. App. 552, 167 S. E. 731; Southern Express Co. v. Nat'l Bank, 4 Ga. App. 399, 61 S. E. 857; American Railway Express Co. v. Reville, 28 Ga. App. 249, 111 S. E. 65; McDuffie Oil & Fertilizer Co. v. Iler, 28 Ga. App. 734, 113 S. E. 52.

In Marin v. Titus, 23 S. D. 553, 122 N. W. 596, this court dealt with a defective return of service of a summons. In Johnson v. Bruflat, 45 S. D. 200, 186 N. W. 877, this court commented and quoted with approval from Marin v. Titus and said that if the parties had put in evidence to show certain matters of fact relating to the service, the validity of the judgment would have been established. The court in the instant case permitted evidence upon the hearing to be given, and being satisfied from the showing made that as a matter of fact the garnishee summons and annexed affidavit had been actually served even though the original return was defective, the judgment was declared valid as jurisdiction was acquired by the service and not the sufficiency of the return. Chaffee v. Runkel, Rowley & Co., 11 S. D. 333, 77 N. W. 583.

In Axtell v. Rooks, 39 S. D. 31, 162 N. W. 751, this court held:

"* * * It is the fact of service that gives a court jurisdiction, and not the sufficiency of a return. And courts

should be liberal in allowing returns to be amended to show the true facts. Buckmiller v. Railway Co., 164 Iowa 502, 146 N. W. 447. * * *

"It is clear that the trial court erred in not allowing the return to be amended, and also erred in holding that through the facts as shown by such amended return the court acquired no jurisdiction over the person of the defendant."

From the moment that the garnishee summons and annexed affidavit were served, whatever property, money, credits or other property, real or personal, in the possession or under the control of the garnishee became property custodia legis under sections 2463 and 2467 R. C. 1919, now SDC 37.2816 and 37.4910, 37.4911, and 37.4912, respectively. Bowman v. Larsen, 53 S. D. 246, 220 N. W. 489. Therefore the garnishee was duty bound to make disclosure in conformity with the law and the duty as to the disposition over the property, if any under its control, would be to comply with the statutory mandate.

It does not appear affirmatively from the judgment roll that the judgment sought to be vacated was void. The learned trial court did not commit error in refusing to vacate the judgment. Town of Watonga v. Crane Co., Okl. Sup., Jan. 28, 1941, 114 P.2d 941.

We believe that the showing that service was made upon the defendant Kapaun is sufficient. The order of the trial court is in all things affirmed.

POLLEY, P.J., concurs.

ROBERTS, RUDOLPH, and SMITH, JJ., concur in result.