43094. RIGDON v. ROBERTS INSURANCE AGENCY, INC.

HALL, Judge. The trial court did not err in denying a claimant's motion to set aside a judgment in a garnishment case condemning the funds paid into court by the garnishee, when the claimant filed her claim after the expiration of the time provided by law. Ga. L. 1962, pp. 717, 721 (*Code Ann.* § 46-408).

1. The motion to dismiss the appeal is denied.

2. Appellant contends that the court's order condemning the funds, dated March 24, 1967, is void on the ground that it was entered prior to the expiration of 15 days after the filing of the answer by the garnishee admitting an indebtedness and paying the money into the court. While the judgment was premature and could be set aside by the appellant upon

filing a claim within the 15-day period, it was merely voidable. *Whitley v. Jackson,* 34 Ga. App. 286, 287 (129 SE 662). The garnishee's answer was filed on March 17, 1967. The filing of the claim on April 21, 1967, and the motion to set aside the judgment on May 1, 1967, came too late. *Booth v. I. H. Brooke & Co.,* 6 Ga. App. 299, 300 (64 SE 1103. Accord *Parker v. Branan,* 108 Ga. App. 229 (132 SE2d 556); *McDuffie Oil &c. Co. v. Iler,* 30 Ga. App. 671, 672 (118 SE 772).

3. Furthermore, the Civil and Criminal Court of DeKalb County has jurisdiction to enter judgment upon the garnishment, no claim having been filed within the time provided by law (*Code Ann.* § 46-408, supra). *Charles S. Martin Distributing Co. v. Southern Finance Co.,* 88 Ga. App. 339, 341 (76 SE2d 662. Accord *Drury v. Waynesville Mercantile Co.,* 43 Ga. App. 265 (158 SE 535).

*Judgment affirmed. Felton, C. J., and Eberhardt, J., concur.*

ARGUED OCTOBER 2, 1967—DECIDED OCTOBER 13, 1967.

*Carley & Ramsay, George H. Carley,* for appellant.
*Mackay & Elliott, Thomas W. Elliott,* for appellee.